## LINDELL vs. BENTON & KENNERLY.

6 361
106 602

1. The act to incoporate the stockholders of the Bank of Missouri, (R. C. 1825, p. 164,) passed Jan. 30, 1817, continued in force until Feb. 1, 1838; and, during that time, the Bank had a legal existence for all the purposes contemplated by the act of incorporation.

MAY TERM
1840.

Lindell vs:
Benton &
Kennerly.

2. In a writ of attachment, issued against a corporation, under the 8th section of the "act to regulate proceedings against corporations," (R. C. 1835, p. 126,) it is not necessary to mention the names of the garnishees: neither, is it necessary, that the sheriff should state in his return, that he had been directed, by the plaintiff or his attorney, to summon such garnishees.

3. Legal proceedings, regularly commenced against a corporation, are not affected by the expiration of the charter before the determination of such proceedings.

4. When an execution, regularly issued, has been returned unsatisfied, in whole or in part, another may be issued at any time thereafter, without resorting to a writ of scire facias to revive the judgment. (See Dowsman v. Potter, 1 Mo. R. p. 518.)

Error to the circuit court of St. Louis county.

### Allen for Plaintiff.

On the reasons assigned on behalf of the garnishees in support of their motion, the plaintiff shows:

1. The record shows there was such a corporation, and the law recognizes it. Rev. Code of 1825, p. 164, 175. Its existence continued under the law till 1st February, 1838. id. 174, secs. 18, 30, 16. Angel and Ames on corporations, p. 406, 510.

2. The corporation, then, holding property, and being a creditor, the object of the issuing of the attachment is to reach this property, or debts due to it, which any creditor of the corporation may do. Rev. Code, of 1825, p. 224, sec. 5. Though trustees are appointed by the law, on the dissolution of the corporation, see id. to transact the business of the corporation, and authorized to sue, and liable to be sued, yet, there being already, at the dissolution of the corporation, a judgment against it, and the law providing for the issuing of this writ in cases where it holds property, or is a creditor, and this not being the commencement or prosecution of a suit, but the end of a suit, it seems to me to be competent, to any creditor of the corporation, to proceed in this way, otherwise liens may be lost, and the end of a long and protracted litigation be defeated.

That the corporation has become extinct since the levy of the attachment, by limitation, cannot affect the right of the plaintiff herein. Dorisman vs. Potter 1 Mo. Rep. 518. Rev. Code of 1835, p. 126, sec. 8, 9.

*Magenis and Blair for Defendants.*

That by the common law on the extinction of a corporation the debts due to and from it are extinguished. Angel and Ames p. 513.

That the corporation of the B'k of Mo. had ceased to exist by non user, at the time of the service of the notice by which the said proceedings were begun, as appears by the record. Munroe vs. Potomac co. 8 Peters 287. J. R. vol. 19 p. 474–5. Sec. 8. Act on corporation Laws of Mo. 125 and 135.

The pl'ff in this case has not followed the law construction on either, and therefore the garnishees ought to have been discharged.

Again, if the proceedings were regular in the beginning, and the President, directors & co. of the Bank of Mo. properly sued in 1825, when in fact there were no such President, directors &c. even then, although it appeared by the statute that the said institution might exist till 1838, yet were not the proceedings had, subsequent to the last date, against the said President, directors, &c., as such President, directors, &c., absolutely void? Tidd's practice 1165. 17 Johns R. 271, Johnson v. Parmely. Sec. 11, R. C. p. 128. R. C. p. 77, sec. 7.

The execution was irregular and void, for the same reasons which avoided the original writ, and the whole proceedings: to wit, making the Pres't. &c. of the Bank of Mo., a party thereto, when there were no Pres't. &c., Bank of Mo.; or if not void ob initio, the proceedings under it were irregular from and after the date 1st Feb. 1838, when the charter expired, after which time, all debtors and creditors of that institution, if it had continued to operate regularly down to that time, would have become debtors and creditors to the trustees provided by law to administer its affairs. 9th section of the "act to regulate proceedings against corporations" passed, 6th February 1835.

It is contended, that if the defendants do not come, or are not shown by the proceedings to come within the terms of any one of those provisos, they were not legally summoned as garnishees, and therefore, the court below was right in discharging them.

First. They are not, nor is either of them, named in the writ.

Secondly. The sheriff does not state in his return, that he found them in possession of any goods, moneys, or effects of the defendants.

Thirdly. It does not any where appear, that the defendants were directed to be summoned by the *plaintiff, or his attorney, as garnishees, and this ought to appear*. Maulsby and Maulsby vs. George Farr, 2d and 3rd vol. Mo. Rep. p. 438. Ridgway vs. Farr, same vol. 440.

*Opinion of the Court delivered by Tompkins Judge.*

This is a proceeding, instituted in the circuit court of St. Louis county, by Lindell against the president, directors and company of the Bank of Missouri. The plaintiff, Lindell, obtained a judgment against the Bank, but not being able to make the money on execution, he caused an attachment to be issued on the 18th day of July, in the year 1837, which was returned, "executed by summoning Thomas H. Benton and George H. Kennerly, as garnishees, to answer such interrogatories as might be exhibited against them by the plaintiff, touching their indebtedness to the president, directors and company of the Bank, defendants in the writ of attachment. The garnishees moved to be discharged: Because, 1st, At this date there is no such corporation existing as the president, directors, &c., of the Bank of Missouri, the charter thereof having expired, according to the original act of incorporation. 2d, Neither in the said writ of attachment, nor in the execution, nor in the præcipe, ordering the same, are the names of the garnishees, or of either of them, mentioned; nor has the sheriff shown, by his return, that there was any property of the defendants in the hands of the garnishees, or of either of them. 3. The execution issued in this case is irregular and void.

1st. The act to incorporate the stockholders of the Bank

The act to incorporate the stockholders of the Bank of Mo. (R. C. 1835, p. 164,) passed Jan. 31, 1817, continued in force until 1 Feb. 1838, and during that time, the B'k had a legal existence for all the purposes contemplated by the act of incor'n,

MAY TERM
1840.

Lindell vs.
Benton &
Kennerly.

of Missouri, passed the 31st of January, 1817, continued in force till the 1st day of February, 1838. This writ was issued on the 18th day of July, 1837, when the Bank had a legal existence for the purpose of holding property, and any of its property, or of the debts due the Bank, attached at that time, will be liable to be disposed of on the authority of that writ, if it were duly issued.

2d. Was this attachment duly issued?

The 8th section of the act to regulate proceedings against corporations, (p. 126 of the digest of 1835,) directs, that "in case the sheriff, or other officer, shall return upon any writ of fieri facias, that no goods and chattels, lands and tenements, can be found whereon to levy, &c., it shall be the duty of the circuit court, on the application of the plaintiff or his attorney, to issue a writ of attachment against the rights and creditors of the corporation, reciting the judgment, execution and return, and directed to the sheriff of the county." The ninth section declares, that, 'such attachment shall be executed by summoning, as garnishee, any person having moneys, or effects, belonging to such corporation, and any debtor to such corporation who may be found in his county, to appear before the circuit court at the return of the writ, and then and there answer; touching any moneys or effects of such corporation in his hands, or any debt he may owe to the same;" and the tenth section provides, that "from the time of making such service, all moneys and effects due and owing, payable or belonging to such corporation, shall be bound until the judgment is satisfied."

A writ of fieri facias had been returned by the sheriff, and, from that return, it appeared that no property was found belonging to the bank; and this writ of fieri facias was recited in the writ of attachment. But by the 11th section of the same act, it is declared, that proceedings against garnishees, under this act, shall be the same as against absent and absconding debtors; and it is, therefore, contended, that a debtor of the Bank could not be summoned, unless he were either named in the writ, or directed to be summoned by the plaintiff, or his attorney. Because, it is said, that under the

provisions of the 7th section of the act to provide for the recovery of debts by attachment, (p. 77 of the digest of 1835,) none could be summoned but such as were either named in the writ, found in the possession of goods, &c. not actually seized by the officer, or such as were directed to be summoned by the plaintiff, or his attorney. If such were the law of the section last above cited, still it has, in my opinion, no application to the case; for the direction of the eleventh section relates to such proceedings as may be had against garnishees, after they have been made such by being summoned to appear in court. But by this seventh section of the act to provide for the recovery of debts by attachment, it is expressly provided, that the officer may summon debtors, and it is not required that the names of such debtors shall be either inserted in the writ, or that they shall be given to the officer, either by the plaintiff or his attorney. The section reads thus: "all persons shall be summoned as garnishees, who are named as such in the writ, and such others as the officer shall find in the possession of goods, money or effects of the defendant, not actually seized by the officer, and debtors of the defendant, and also such as the plaintiff or his attorney shall direct." The writ of attachment, it has been shown, recites the execution; it shews that no goods of the Bank were to be found; under this writ; the summons, as has also been shown, was regularly served on the defendants, as debtors of the Bank, on the 18th day of July, 1837; the charter of the Bank did not expire till 1st day of February, 1838, six months after the defendants were summoned as garnishees; and it is provided, by the 10th section of the act to regulate proceedings against corporations, that, from the time of making such service, all moneys and effects due and owing, payable or belonging, to such corporation, shall be bound until such judgment is satisfied; and no payment made thereafter to such corporation, or other disposition of such debts, &c. so attached, shall be credited to the garnishee making the same.

The corporation then having a legal existence, at the time the defendants in the attachment were summoned, it does not affect the rights of Lindell, that its charter had expired

when the circuit court was moved to discharge them. But it has been shown, that it is not necessary that the defendants should either have been named in the writ of attachment, or that it should appear by the sheriff's return, that he had been directed by the plaintiff, or his attorney, to summon them: it remains then, only, to enquire whether the execution issued was irregular and void, as was thirdly charged by the counsel for the defendants.

The record shows that, in less than one year after the judgment was rendered against the Bank, an execution was issued and returned not satisfied, no property being found. The case of Dowsman vs. Potter, 1st volume of Missouri decisions, shows that in such case another execution may be issued at any time thereafter, without resorting to the writ of sci. fa. The court there declared, that they could see no use in having the continuances of the executions entered, according to the practice of the English courts, saying, it is a mere form, and that they were opposed to adopting fictions unless some good end can be answered thereby. This being the only objection to the execution, which preceded the attachment, and, immediately after the return of which the order for issuing the attachment was made, it is my opinion that this execution was not irregular and void, as the defendants counsel have supposed, in their third reason for discharging them from the attachment.

The circuit court, then, in my opinion, committed error in sustaining the motion for discharging the defendants from this attachment, and its judgment ought to be reversed, and Judge Napton concurring, it is reversed.