BUFORD, *Appellant*, v. THE KEOKUK NORTHERN LINE PACKET COMPANY.

| 69 | 611 |
|----|-----|
| 34a | 212 |
| 69 | 611 |
| 103 | 432 |

**Corporation**: STOCKHOLDER ESTOPPED BY CORPORATE ACT. A stockholder in a corporation will not be allowed to deny the validity of stock issued by the corporation in consideration of the acquisition of property, so long as the corporation retains the property.

*Appeal from St. Louis Court of Appeals.*

*James Taussig* for appellant.

The transfer of the assets of the Keokuk Packet Company to the defendant company in exchange for 1,520 shares of stock in the latter, was void, and can be successfully impeached in this suit. 1. The Keokuk Packet Company was an Illinois corporation and in case of consolidation, was bound to observe the requirements of the Illinois statute. This was not done when the consolidation took place with the Keokuk Northern Line Packet Company. There was no special meeting of stockholders called or held to authorize consolidation, and no official notice · given of the consolidation after it took place, as required by the statute. Gross' Rev. Stat. Ill. 1869, p. 451. 2. The transfer of assets to the defendant company not being authorized · by the charter of the Keokuk Packet Company, was *ultra vires* and would not have been valid even if assented to by all the stockholders. *Salomons v. Laing*, 12 Beav. 377; *Winch v. Birkenhead, &c.*, 5 De G. & Sm. 562; *Sharon Canal Co. v. Fulton Bank*, 7 Wend. 412; *Abbott v. American Co.*, 33 Barb. 578; *Kean v. Johnson*, 9 N. J. Eq. 410; *Pearce v. Madison, &c., R. R. Co.*, 21 How. 441; *Zabriskie v. Hackensack R. R. Co.*, 18 N. J. Eq. 178; *Goodin v. Cincinnati, &c., Canal Co.*, 18 Ohio St. 169; *Black v. Delaware, &c., Canal Co.*, 24 N. J. Eq. 455.

*Glover & Shepley* for respondents.

Suppose the Keokuk Packet Company had no power

to sell the stock to Davidson. It was sold to him and transferred on the books of the Keokuk Northern Line Packet Company to him, with the assent of the stockholders of the Keokuk Packet Company, and the whole matter was approved expressly or tacitly acquiesced in by them; it was, therefore, no business of Buford to complain. The Keokuk Northern Line Packet Company could not complain without offering to rescind the contract and return the property, nor could any stockholder of the Keokuk Northern Line Packet Company complain in such a case. If the plaintiff had desired to complain he should have done so promptly. He could not take stock in the new company, engage actively in promoting its organization and operations, accept the office of assistant superintendent, sell his stock, and afterwards set up objections to its existence and organization. *Gregory v. Patchett*, 33 Beav. 595; *Kent v. Jackson*, 14 Beav. 384; *Gray v. Chaplin*, 2 Russel Ch. 126; *Samuel v. Holladay*, Woolworth 415; *Graham v. Birkenhead*, 2 MacN. & G. 158; High Inj., § 771, p. 457; *Hodgson v. Powis*, 1 De Gex, MacN. & G. 12. Acquiescence in an act is a bar to any relief against it. Abbott Corp., § 108, p. 780; *Hodges v. New Eng. S. Co.*, 3 R. I. 9; *Tash v. Adams*, 10 Cush. 252; *Hoyt v. Thompson*, 19 N. Y. 207; *Woodbridge v. The Proprietors, &c.*, 6 Vt. 204; *Walworth v. Farmers, &c.*, 16 Wis. 629.

NORTON, J.—This is a proceeding by injunction, instituted in the circuit court of St. Louis county in 1874, to enjoin the stockholders of the Keokuk Northern Line Packet Company from holding a stockholders' meeting on the 29th day of August, 1874; to cancel and declare void 1,518 shares of the stock of said packet company issued to the Keokuk Packet Company and transferred by the latter company to defendant, Davidson, to enjoin the directors from recognizing said Davidson as the owner of said stock, and to restrain him from controlling or voting said shares of stock at any time. A temporary injunction

was granted in conformity to the prayer of the petition, which, on motion, after answer filed, was dissolved by the circuit court and $2,600 damages awarded defendants. This action of the trial court was, on appeal to the St. Louis court of appeals, reversed as to the assessment of damages in favor of defendants Mulliken & Philips, and in every other particular the judgment was affirmed, and from the judgment of affirmance plaintiff prosecutes his appeal to this court.

The case is fully reported in 3 Mo. App. R. 159, where an elaborate opinion is to be found. That court was referred to the same authorities to which we have been cited, and after an examination we are of the opinion that the judgment of the court of appeals should be affirmed, mainly upon the ground that plaintiff, who sues as the owner of stock of the Keokuk Northern Line Packet Company, which stock he accepted after the transfer to it of $152,000 of the property of the Keokuk Packet Company in payment of 1,520 shares of stock issued by the former to the latter company, is in no position either to contest the validity of that transaction or to ask the cancellation of the stock so long as the company in which he is a stockholder retains the price paid for it. The Keokuk Northern Line Packet Company could not ask a court of equity to declare void the 1,520 shares of stock issued by it to the Keokuk Packet Company without offering to return the price paid for it, nor can any of its stockholders. Judgment affirmed. All concur.

AFFIRMED.