EVELINE SHORES, Plaintiff in Error, v. NATHAN SHORES
*et al.*, Defendants in Error.

St. Louis Court of Appeals, February 5, 1889.

1. **Homestead:** ALIENATION. Where a husband, in his lifetime, leases part of his homestead lands for a term of years and afterwards dies, his widow, having never filed in the recorder's office her claim of homestead during the lifetime of her husband, cannot claim possession of the land against the rights of the lessee.

2. **Homestead:** RENTS: ISSUES AND PRODUCTS: FORFEITURE OF LEASE. A widow who, but for an existing lease, would be entitled to possession under her homestead right, may nevertheless enjoy her right, subject to the rights of the lessee, by receiving the rents reserved in the lease; and may enforce a forfeiture of the same and resume possession, in a case where forfeiture is authorized by the terms of the lease.

3. **Dower:** INJUNCTION. Injunction is not a proper proceeding for the admeasurement of dower.

4. **Damages:** ATTORNEY'S FEES. In this state, attorney's fees may be included in the assessment of damages on an injunction bond.

*Error to the Franklin Circuit Court.*—HON. RUDOLPH
HIRZEL, Judge.

AFFIRMED.

*T. A. Lowe*, for the plaintiff in error.

Dower is a statutory right vested in the widow, of the one third part of all the lands, etc., whereof her husband or any person to his use, etc., was seized during the marriage, etc., during her natural life. R. S. 1879, sec. 2186. And no act, deed or conveyance executed or performed by the husband without the assent of the

wife, etc., shall prejudice the right and interest of the wife, etc. R. S. 1879, sec. 2197. So also the homestead is a vested statutory estate which upon the death of the head of a family passes to and vests in the widow or children or both as the case may be. R. S. 1879, sec. 2693. This being the law, the question arises, was the lease held by the defendant, Nathan Shores, valid as against the statutory right of dower and homestead of plaintiff for herself and minor children? If the question be answered in the negative it follows as a legal consequence that the court erred upon the record of the whole case, and as the plaintiff's rights and remedies were purely legal, the instructions should have been given and the injunction made perpetual. Injunction will issue to prevent the invasion of a right secured by statute. *Railroad v. Railroad*, 69 Mo. 65. And to prevent a railroad company from constructing its road through a homestead, although the railroad company had license from the husband, one of the complainants, but not from the wife, the other complainant. *Evans v. Railroad*, 36 N. W. Rep. 687; *Kaes v. Gross*, 92 Mo. loc. cit. 659; Thomp. Home., sec. 544. The husband may convey the homestead during his lifetime, but the widow can assert her right after his death. Thomp. Home., sec. 509 and authorities cited on p. 435. The lease operated as a fraud upon the rights of plaintiff, and in such case she could disaffirm the lease and re-enter. 1 Washb. Real Prop. [3 Ed.] sub. secs. 8, 9, top. pp. 402, 404. The item of one hundred dollars, for counsel fees allowed in the judgment was illegal for the reason that the injunction applied for in this case was not in aid of, or auxiliary to, another proceeding. It was a direct proceeding brought to prevent the doing of a legal wrong. R. S. 1879, sec. 2722. And in such cases no recovery for counsel fees can be had. *Turnpike Co. v. Dulany*, 6 S. W. Rep. 590. Injunction

was the proper remedy in this case. The defendants were insolvent and could not be made to sound in damages, and her injuries would be irreparable. In such cases injunction will issue and to restrain multiplicity of suits. *Turner v. Stewart*, 78 Mo. 480; *McPike v. West*, 71 Mo. 199; *Musser v. Brink*, 80 Mo. *loc. cit.* 357; *Towne v. Bowers*, 81 Mo. *loc. cit.* 495; *Railroad v. Railroad*, 69 Mo. *loc. cit.* 71.

*John W. Booth*, for the defendants in error.

The remedy by injunction cannot be made to perform the office of an action of ejectment or of a suit for assignment of dower. We concede that the lease would not bar an action for dower but that is of no consequence in this action. Neither do we claim that the lease destroyed the homestead right. When James leased the land to Nathan and put Nathan in possession, Nathan's rights to the possession for the term of the lease, became an absolute vested right; James retained the ownership of the fee, had the constructive possession, the right to receive the rents during the term, the rights to re-enter on its expiration and hold the rents exempt under the homestead law. On the death of James this constructive possession and right to rents passed, under the homestead law, to his widow and minor children. It is their homestead now, just as it was James' at his death and they could no more have turned out the occupants under the lease than James could have turned them out. The homestead law only interfered with the right of the owner of the homestead to sell or dispose of it where his wife files a claim to the homestead in accordance with the statute. Plaintiff filed no such claim and therefore there can be no question of the validity of the lease. R. S., sec. 2689.

THOMPSON, J., delivered the opinion of the court.

This is a proceeding to enjoin the defendants from the occupancy of certain land claimed by the plaintiff as her homestead. It appeared that in the lifetime of the plaintiff's husband, he occupied as his family homestead, a house, outbuildings and eighty-seven acres of land, sixty acres of which were under cultivation,— residing thereon with his wife and minor children ; that he executed a lease to the defendant, Nathan Shores, by which he demised for the term of fifteen years, subject to an annual rental consisting of one-third of the crop raised by the tenant, all of the land, except the house and outbuildings, and that during the life-time of the lessor, the defendant Nathan Shores, went into possession under the lease. No claim of homestead had ever been filed or recorded on behalf of the wife, as provided by section 2689, Revised Statutes. With Nathan Shores thus in possession, cultivating the land, the plaintiff's husband died.

The object of this suit is to restrain the defendant, Nathan Shores, and the other defendants, who are subtenants with him, from occupying and cultivating the land under the lease, on the theory that such occupancy is an invasion of the plaintiff's right of homestead. The circuit judge rendered a decree in favor of the defendants, and assessing damages on the injunction bond, which damages included one hundred dollars for counsel fees. From this decree the plaintiff prosecutes this writ of error.

We are of opinion that the decree of the circuit court was right. As the plaintiff had not filed in the recorder's office her claim of homestead during the lifetime of her husband, it was subject to alienation, as against her right of homestead, without her joining in the deed ; and as the husband could have conveyed it without her joining in the deed, to the entire exclusion of her right of homestead, he could exclude the same

right partially by demising it for a term of years. The rights of the defendants therefore, take precedence over the plaintiff's claim of homestead, so far as her claim extends to the actual possession of the land included within the lease. But as the statute of homesteads embraces not only the homestead itself, but also "the rents, issue and products thereof" (R. S., sec. 2689), and as the statute is to be favorably construed in favor of the right of homestead, it does not appear but that the plaintiff may enjoy her homestead right, subject to the rights of the defendant, by receiving the rents reserved in the lease. The allegation that the defendants are insolvent, creating the inference that she may not get these rents, does not entitle her to the present remedy; since if the rents are not paid as required by the lease, she can forfeit it under its terms and resume possession of the land.

So far as the present action was conceived with the design of protecting the plaintiff's right of dower, it is sufficient to say that it nowhere appears that her dower has been set apart in the land, and it is needless to suggest that a suit for an injunction is not the proper proceeding for the admeasurement of dower.

Complaint is made that the damages assessed on the injunction bond included attorney's fees, and a Kentucky case is cited in support of this contention. It is sufficient to say that it is the law of this state that attorney's fees may be included in an assessment of damages on an injunction bond. *Holthaus v. Hart*, 9 Mo. App. 1; *Buford v. Packet Co.*, 3 Mo. App. 159; s. c. affirmed, 69 Mo, 611.

The judgment will accordingly be affirmed. All the judges concur.