MINNIE KENNEDY, Respondent, v. OBEDIAH BROYLES, Appellant.

Kansas City Court of Appeals, December 4, 1893.

1. **Forcible Entry and Detainer:** EVIDENCE. The evidence in this case for forcible entry and detainer reviewed and found not to support a finding in favor of plaintiff, as it shows defendant was in peaceable possession under plaintiff's husband.

2. **Homestead:** HUSBAND AND WIFE: WIFE'S CLAIM. Until the wife's claim of homestead is made, acknowledged and filed for record, the husband's right to convey the title and possession is unaffected.

3. **Forcible Entry and Detainer**: POSSESSION: HUSBAND AND WIFE. When the husband permitted the defendant to enter under the deed and himself quit the premises with his affects, having already taken his wife away, defendant was in the sole peaceable possession, and a subsequent entry for the plaintiff, the wife, was a trespass.

*Appeal from the Linn Circuit Court.* — HON. G. D. BURGESS, Judge.

REVERSED.

*A. W. Mullins* for appellant.

(1) The complainant, being the wife of Wm. C. Kennedy, had no legal capacity to maintain this action. Her husband owned the legal title and was in the actual possession of the land in his own right, and while such owner and so possessed he sold the land to the defendant, who, under his purchase and in pursuance of his contract, entered upon and took the possession thereof. When William C. Kennedy made the sale and transfer of possession, his wife did not have any possession, or right of possession, separate from and independent of that of her husband. Her rights there were dependent on his rights, and these he had transferred to the defendant. No right of action with respect to the possession of the land remained to her, nor in such case could she sue alone. Therefore, it follows that the demurrer to the complainant's evidence should have been sustained. *Shores v. Shores*, 34 Mo. App. 208. (2) The complainant did not avail herself of the right given her by the statute (2 Revised Statutes, 1889, sec. 5435, p. 1302) to make and file her homestead claim. *Shores v. Shores, supra; Blandy v. Asher,* 72 Mo. 27. If the said William C. Kennedy had the right to sell and convey his title to the land, he certainly was invested with authority to transfer his possession to defendant, as he agreed and

contracted to do. And, even if the husband had been precluded by the statute from selling the land, yet he could have rented it or leased it, and thus have transferred the possession to defendant. Thompson on Homesteads, sec. 471.

E. R. Stephens for respondent.

ELLISON, J.—This is an action of forcible entry and detainer for eighty acres of land. Plaintiff recovered below.

It appears that plaintiff's husband owned the land in dispute, and on the fifteenth of April, 1891, he sold and conveyed it by deed to defendant, defendant paying him in cash and in assumption of a mortgage then on the land. He says that Kennedy "gave him possession," and that he entered next day, the sixteenth, "under his purchase," and begun to repair the fences. That, on April 21, he entered again, he again worked at repairing the fences on the place, and on May 2 he began plowing, Kennedy having in the meantime taken his effects out of the house and left the premises. On the night of May 2 the house was burned. On May 11 plaintiff instituted this action. So far, it is clear enough that defendant was in the actual peaceable possession under his deed from the owner at the time this suit was begun.

But it further appears that on the twentieth of April Kennedy took this plaintiff to her father's home and there left her—abandoned her; and that he removed his personal property from the house and premises that day. That she remained with her father, but left in the house some wearing apparel and a feather bed belonging to her, which was burned in the house. It further appears that plaintiff's father nailed up the gate and procured locks and locked the house for her. It

further appears that on the third day after Kennedy abandoned plaintiff, on April 23, she notified defendant in writing not to enter the premises. It does not appear whether plaintiff knew that her husband had sold the farm to defendant prior to his taking her to her. father's, or that she knew he was intending to leave her there and abandon her.

Our opinion is, that the foregoing facts which are gathered from the undisputed abstract filed with us, fail to support the judgment which was given for plaintiff. The land was a homestead, and as such it would have been subject to a written claim which the wife was authorized to make under the provisions of section 5435, Revised Statutes, 1889, which would have prevented a sale by the husband, and consequent deprivation of her home. But, until such claim is made and filed for record, the husband's right to convey the title and possession is unaffected. *Shores v. Shores*, 34 Mo. App. 208. The language of the statute is: "And any married woman may file her claim to the tract or lot of land occupied by her and her husband, or by her, if abandoned by her husband, as a homestead; said claim shall set forth the tract or lot claimed, that she is the wife of the person in whose name the said tract or lot appears of record, and said claim shall be acknowledged by her before some officer authorized to take proof or acknowledgment of instruments of writing, affecting real estate, and be filed in the recorder's office, and it shall be the duty of the recorder to receive and record the same. After the filing of such claims, duly acknowledged, the husband shall be debarred from, and incapable of, selling, mortgaging or alienating the homestead, in any manner whatever, and every such sale, mortgage or alienation is hereby declared null and void; and the filing of any such claim, as aforesaid, with the recorder, shall impart notice to all persons of the con-

tents thereof, and all subsequent purchasers and mortgagors shall be deemed, in law and equity, to purchase with notice.''

The husband having, then, the full legal right to sell and convey the homestead and to deliver the possession, it remains to be seen whether he did so. In the first place, he conveyed it and accepted the purchase money. Defendant says he turned over the possession. He did at least permit defendant to enter the premises on the next day after the sale, for the purpose of repairing, and *did take his wife from the premises and remove his property*, the defendant again entering and working the next day thereafter. There is but one conclusion to be drawn from these facts. It does not affect the legal aspect of the case to grant in plaintiff's favor more than the record shows (it being silent). It may be granted that her husband abandoned her without cause and that he had not told her that he had sold the land and authorized the purchaser to enter. Her husband moved her and himself out and left the premises to defendant under his deed. The moment the husband permitted the defendant to enter under the deed and himself quit the premises with his effects, having already taken his wife away, defendant was in the sole peaceable possession. And when plaintiff's father the next day went upon the premises and locked the doors of the house he was simply entering on defendant's peaceable possession and was no more than any other temporary intruder who should commit trespass. It is clear that defendant has not forcibly entered upon plaintiff's possession, since plaintiff had no possession to enter upon. The demurrer to the evidence interposed by defendant's counsel should have been given. The judgment is reversed. All concur.