STATE *ex rel.* HOUCK v. LESUEUR, *Secretary of State.*

In Banc, July 6, 1898.

1. Consolidation of Railroads : NEW COMPANY: FEES OF SECRETARY
OF STATE. The consolidation of three railroad companies, is the
formation of a new company. And under the Constitution (art. X.,
sec. 21, which is self-enforcing), before such consolidated company
can have its articles of agreement for consolidation filed with the
Secretary of State, it must pay the statutory incorporation fees just as
if it were an entirely new concern, although the three companies had
individually previously paid the fees for their incorporation.

*Mandamus.*

PEREMPTORY WRIT DENIED.

*M. R. Smith* for relator; *Perry S. Rader* of counsel.

(1) Whether the consolidation of two or more
railroad companies under our statute creates a new com-
pany with new franchises, rights, privileges and immu-
nities is yet an open question. *Kinion v. Railroad,* 39
Mo. App. 385; *Evans v. Railroad,* 106 Mo. 601; *Rail-
road v. Georgia,* 92 U. S. 665; *Railroad v. State,* 152
U. S. 301; *Railroad v. Georgia,* 25 U. S. (L. C. P.
Co.) 185. The foregoing cases hold that the consoli-
dated company is subject to all the liabilities of the old
companies forming the new consolidated company;
that is to say, if one of the roads entering into the con-
solidation be exempt from taxation by its charter, it
is left unaffected by the agreement of consolidation.
They also decide, that lawsuits are left unaffected pend-
ing against the old companies. (2) The new consoli-
dated company, formed as provided by our statute out
of two or more railroad companies, in the method of
creation, is wholly and radically different, as the stat-
ute and all the authorities clearly show, from the method

of creating railroad corporations. *Kinion v. Railroad*, 39 Mo. App. 385; *Railroad v. State*, 152 U. S. 301; *Shields v. Ohio*, 24 U. S. (L. C. P. Co.) 359; Jere Black's brief in the case of *Railroad v. State*, 96 U. S. 665. (3) Even though, it be admitted, that a new corporation, is formed by consolidating two or more railroads, under our statutes, yet, it does not follow, that the usual incorporating tax, specified in section 2544, Revised Statutes 1889, must be paid as if incorporating a railroad company in the ordinary way, for the authority to collect taxes, of any character, must be clearly given and if not given, the tax can not be collected. The power to levy and collect a tax "springs into being only upon a strict observance of the power expressly conferred" for that purpose. *Railroad v· Apperson*, 97 Mo. 309; *State ex rel. v. Shortridge*, 56 Mo. 130; *State ex rel. v. Railroad*, 87 Mo. 239; Cooley on Taxation [12 Ed.], p. 33; *State ex rel. v. Railroad*, 113 Mo. 307; *State ex rel. v. St. Louis Co.*, 84 Mo. 233; *Sewell v. Jones*, 9 Pick. 412; *Moseley v. Tift*, 4 Fla. 402; *Barnes v. Doe*, 4 Ind. 132; *Carondelet v. Picot*, 38 Mo. 125; *Rubey v. Huntsman*, 32 Mo. 501; *Reeds v. Morton*, 9 Mo. 878; *Williams v. Sanger*, 10 East, 66; *Marquis v. Commissioners*, 6 Exch. 464. (4) There is no provision in the Constitution requiring the Secretary of State to collect a tax of any kind for incorporating, or otherwise, upon the filing in his office articles of agreement for consolidation. No tax, whatever, is provided by the Constitution or the statute, required to be paid by the railroad companies seeking to consolidate their roads, and without such a provision clearly, under the authorities cited under point (2), the Secretary is without any authority to demand any such tax whatever. *Kinion v. Railroad*, 39 Mo. App. 385; Cooley on Taxation [1 Ed.], p. 33; *State v. Bentley*, 23 N. J. L. 532.

*Edward C. Crow*, Attorney-General, for respondent.

(1) In the absence of legislative authority a railroad company can not consolidate with another company so as to form a single corporation. 2 Elliott on Railroads, sec. 322; *Pearce v. Railroad*, 21 How. 441. (2) The consolidation of different railways under the statutes of this State works a dissolution of the old companies and the creation of a new company. *Railroad v. Missouri*, 99 Mo. 41; *Railroad v. Missouri*, 152 U. S. 301; *Shields v. Ohio*, 95 U. S. 324; *Ohio v. Sherman*, 22 Ohio, 411; *Lauman v. Railroad*, 30 Pa. St. 42; *Railroad v. Maine*, 96 U. S. 499; 41 Am. and Eng. Railroad cases, p. 694; *Railroad v. Commissioners*, 88 N. C. 519; *Railroad v. Gibbes*, 27 S. C. 385; *Hoge v. Railroad*, 99 U. S. 348. (3) Where a new company formed by consolidation comes into existence, it does so precisely as if it had been organized under a charter granted at the date of the consolidation, and is subject to any constitutional provisions then existing respecting taxation; and this has been held to be true in this State, even though one of the consolidated companies has a charter exemption from taxation. *Railroad v. State*, 99 Mo. 41; *Railroad v. State*, 152 U. S. 301; 60 Am. and Eng. Railroad cases, 362; *Railroad v. Alsbrook*, 110 N. C. 137; *Railroad v. Alsbrook*, 14 S. E. Rep. 652; *State v. Railroad*, 52 Fed. Rep. 451. (4) Legal requirement providing the payment of certain fees for filing and recording articles of incorporation is a condition precedent that must be performed before the Secretary of State has authority to issue the certified copies of the articles of incorporation. *State v. Railroad*, 43 N. E. Rep. 226.

PER CURIAM.—This is an original proceeding in this court commenced by relator, Louis Houck, owner of a majority of the stock in the three following named railway companies, to wit:   Brownwood & Northwestern Railroad Company; Cape Girardeau, Bloomfield & Southern Railroad Company, and Missouri & Southeastern Railroad Company, to compel Hon. A. A. Lesueur, Secretary of State, to file the articles of consolidation of said three companies and issue certified copies of said articles of consolidation, thereby incorporating a new company, to be called the Cape Girardeau, Bloomfield & Southern Railway Company.

The relator, nor anyone for him, paid into the State treasury the regular fees provided for by the Constitution and the laws of the State of Missouri when a new railroad company is organized.   The Secretary of State refused to file the articles unless the legal fees for incorporating a railroad company were paid, upon the ground that the consolidation was the legal creation of a new railroad company, and that therefore, the incorporation fees must be paid.

The issuance of the alternative writ and the service of the same was by respondent waived and the return to the alternative writ raises only the question as to whether or not the legal fees of incorporation should be paid.

Section 21 of article X of the Constitution provides:

"No corporation, company or association . . . . . . . shall be created or organized under the laws of this State, unless the persons named as corporators shall, at or before the filing of the articles of association or incorporation, pay into the State treasury fifty dollars for the first fifty thousand dollars or less of capital

stock and a further sum of five dollars for every additional ten thousand dollars of its capital stock.''

This section is self-enforcing and needs no legislation to make it operative.

The consolidation of two or more railroads in this State is permitted by the following section (2567 R. S. 1889):

*"Companies may consolidate, when.*—Any two or more railroad companies in this State, existing under either general or special laws, and owning railroads constructed wholly or in part, which, when completed and connected, will form in the whole or in the main one continuous line of railroad, are hereby authorized to consolidate in the whole or in the main, and form one company owning and controlling such continuous line of road, with all the powers, rights, privileges and immunities, and subject to all the obligations and liabilities to the State, or otherwise, which belonged to or rested upon either of the companies making such consolidation. In order to accomplish such consolidation, the companies interested may enter into contract, fixing the terms and conditions thereof, which shall first be ratified and approved by a majority in interest of all the stock held in each company or road proposing to consolidate, at a meeting of the stockholders regularly called for the purpose, or by the approval, in writing, of the persons or parties holding and representing a majority of such stock. A certified copy of such articles of agreement, with the corporate name to be assumed by the new company, shall be filed with the Secretary of State, when the consolidation shall be considered duly consummated, and a certified copy from the office of the Secretary of State shall be deemed conclusive evidence thereof. The board of directors of the several companies may then proceed to carry out such contract according to its provisions, calling

in the certificates of stock then outstanding in the several companies or roads, and issuing certificates of stock in the new consolidated company, under such corporate name as may have been adopted: Provided, however, that the foregoing provisions of this section shall not be construed to authorize the consolidation of any railroad companies or roads, except when by such consolidation a continuous line of roads is secured, running in the whole or in the main in the same general direction; and, provided, it shall not be lawful for said roads to consolidate in the whole or in part, when by so doing it will deprive the public of the benefit of competition between said roads. And in case any such railroad companies shall consolidate or attempt to consolidate their roads, contrary to the provisions of this article, such consolidation shall be void, and any person or party aggrieved, whether stockholder or not, may bring action against them in the circuit court of any county through which such road may pass, which court shall have jurisdiction in the case and power to restrain by injunction or otherwise. And in case any railroad in this State shall hereafter intersect any such consolidated road, said road or roads shall have the right to run their freight cars without breaking bulk upon said consolidated road, and such consolidated road shall transact the business of said intersecting or connecting road or roads on fair and reasonable terms. Before any railroad companies shall consolidate their roads, under the provisions of this article, they shall each file with the Secretary of State a resolution accepting the provisions thereof, to be signed by their respective presidents and attested by their respective secretaries, under the seal of their respective companies, which resolution shall have been passed by a majority vote of the stock of each, at a meeting of the stockholders to be called

for the purpose of considering the same, sixty days' public notice of the time, place and purpose of such meeting having been given by advertisement in some newspaper printed in the county where the general offices of said company or companies of this State are situated.''

If this law provides for the creation of a new corporation the Constitution demands as a condition precedent the payment of the fee prescribed. The contention of the relator is that it does not create a new corporation and the Secretary of State insists that it does.

We are of opinion that the consolidation, when completed in the manner provided, does create a new corporation just as effectually as any other mode allowed by our laws. It will be observed that new stock in a new company issues in lieu of stock in the old companies and a new corporate name is assumed. The new corporation owns all the property, whereas the companies only owned each its own part. The circumstance that the new company remains liable for all the contracts of the old companies does not militate against our conclusion that the statute creates a new corporation but is entirely consistent therewith. By the consolidation the old companies are dissolved and a new corporation formed. *State ex rel. v. Railroad*, 99 Mo. 41; *Railroad v. Missouri*, 152 U. S. 301; *Evans v. Railroad*, 106 Mo. 594.

The peremptory writ is denied.

GANTT, C. J., SHERWOOD, BURGESS, BRACE, ROBINSON, WILLIAMS, and MARSHALL, JJ., concurring.