GIDEON-ANDERSON CO., SUCCESSOR TO GIDEON-ANDERSON LUMBER & MERCANTILE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22365.   Promulgated November 22, 1929.

*Chase Morsey, Esq.*, and *Harry Friedman, Esq.*, for the petitioner.
*H. Leroy Jones, Esq.*, for the respondent.

### OPINION.

MURDOCK: As the result of a motion filed on July 8, 1929, by the petitioner in the above entitled case, a hearing was held on July 24, 1929, on the question of whether or not the Board has jurisdiction in this case. Certain documents were offered in evidence as joint exhibits of both parties in this proceeding and thereafter briefs were filed.

On November 9, 1926, the Commissioner mailed a deficiency notice to " Gideon-Anderson Lumber and Mercantile Company, Gideon, Mo.," notifying it of deficiencies in its income and profits taxes for the calendar years 1917 and 1918 and of an overassessment for the year 1919. Thereafter, a petition was filed under the heading " The Gideon-Anderson Company, Successor to the Gideon-Anderson Lumber and Mercantile Company, Petitioner." This petition is verified by W. P. Anderson, who states that he is the president of the Gideon-Anderson Co. and that the Gideon-Anderson Lumber & Mercantile Co. was merged into the Gideon-Anderson Co. on January 1, 1922.

On December 31, 1921, the Gideon-Anderson Lumber & Mercantile Co., then a corporation of the State of Missouri, and three other corporations of the State of Missouri in a similar line of business, after proper action by their respective stockholders and boards of directors, entered into an agreement of "Amalgamation and Incorporation " for the consolidation of all four under the laws of Missouri, into a consolidated corporation to be called " The Gideon-Anderson Company."

On January 24, 1922, the Secretary of State of the State of Missouri issued a certificate of consolidation stating that, whereas these four corporations had complied with the law governing the consolidation of manufacturing and business companies, the said corporations were duly consolidated under the name of Gideon-Anderson Co., located at Gideon, Mo., and entitled to all the rights and privileges granted to manufacturing and business corporations under the laws of the State for a term of 50 years from the date of the certificate.

Our question is to determine whether under the provisions of section 283 (a) and section 274 (a) of the Revenue Act of 1926, we have any jurisdiction to entertain the proceeding which the petitioner has sought to institute by the filing of its petition. In any case before this Board it is incumbent upon the petitioner to allege sufficient facts to show that we have jurisdiction and, of course, if at any stage of the proceedings it appears that we do not have jurisdiction, an order of dismissal should be entered. The respondent can take such action to protect his interests as he may deem necessary. He has several courses open to him. For instance, in the present case, even if he did not know the details of the succession, he could have moved for dismissal or for more adequate pleading of jurisdictional facts. The petitioner has not alleged sufficient facts to show that we have jurisdiction and on this ground alone dismissal would be proper.

But we will consider such facts as are now before us. If we have jurisdiction, it is because the petitioner comes within the meaning of the word " taxpayer " as used in section 274 (a) which is in part as follows:

If in the case of any taxpayer the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed * * * the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. * * *

We must look to the laws of Missouri for the effect of the consolidation.

But corporations exist for specific purposes, and only by legislative act, so that if the life of the corporation is to continue even only for litigating purposes, it is necessary that there should be some statutory authority for the prolongation. The matter is really not procedural or controlled by the rules of the court in which the litigation pends. It concerns the fundamental law of the corporation enacted by the State which brought the corporation into being. [*Oklahoma Gas Co.* v. *Oklahoma*, 273 U. S. 257.]

Section 10165 of the Revised Statutes of Missouri, 1919, under which the four corporations were consolidated, provides as follows:

Any two corporations now existing under general or special laws * * * whose objects and business are in general of the same nature, may amalgamate, unite and consolidate said corporations and form one consolidated corporation, hold and enjoy all the rights, privileges, powers, franchises and property belonging to each, and under such corporate name as they may adopt or agree upon; * * *. Provided that no such consolidation shall in any manner affect or impair the rights of any creditors of either of said corporations * * *.

Our attention has not been called to any case decided in the court of last resort of the State of Missouri, which is directly in point on

the question of whether or not the consolidating companies, under this act, are dissolved and a new consolidated company incorporated. We have been able to find no such case. Two lower court cases are cited, which are not very helpful, although the one, *Springfield Lighting Co.* v. *Hobart*, 98 Mo. App. 227; 68 S. W. 942, contains the statement that where two or more business companies are consolidated under section 1334, the constituent corporations become dissolved or extinguished, and that the amalgamated corporation is a new corporation, but that touching the business of the old corporations, and as to their respective debtors and creditors, the consolidated company is to be regarded as a continuation of the old companies under a new name. In the other case, *Wells* v. *Electric Co.*, 108 Mo. App. 607; 84 S. W. 204, the court held that a proceeding instituted against one of the consolidating corporations before the consolidation, could be prosecuted without bringing in the new consolidated corporation.

It is not clear in the statute itself whether the legislature intended that a new corporation was to come into being and the old corporations were to be dissolved. The Supreme Court of the United States has said that if a statute contains no words of grant of corporate powers to the consolidated corporations, then the old corporations must be continued in existence. See *A. J. Siegel et al.*, 4 B. T. A. 186, and cases there cited. This Missouri statute, however, contains words of grant of power. It provides that the one consolidated corporation shall " hold and enjoy all the rights, privileges, powers, franchises and property belonging to each " of the old corporations. These words, although they do not set out in detail the powers of the consolidated corporation, constitute nevertheless, a very clear grant of corporate powers. If these words had been omitted from the act, then no one could have said what powers the consolidated corporation was to have and the rule laid down by the Supreme Court would apply.

In our opinion, the consolidating corporations under this Missouri law are dissolved and a new corporation comes into being, which new corporation is not the same corporation as any one of the consolidating corporations. This is the general rule in case of a consolidation where the statute does not specifically provide what is to happen in this regard. Fletcher Cyclopedia Corporations, vol. 7, § 4700 et seq.; Cook on Corporations, 8th ed., vol. 5, § 897; Thompson on Corporations, 3rd ed., § 6012 et seq; Corpus Juris, vol. 14(a) p. 1067. Also cf. *State ex rel. Houck* v. *Lesueur*, 145 Mo. 322; 46 S. W. 1075; *Burford* v. *Keokuk Northern*, 3 Mo. App. 159; affd. 69 Mo. 611; *Keokuk & Western Railroad Co.* v. *Missouri*, 152 U. S. 301.

We have heretofore fully considered the effect of the dissolution of a corporation in Missouri upon the right to institute proceedings before this Board. See *S. Hirsch Distilling Co.*, 14 B. T. A. 1073. The petitioner in this case is not the taxpayer, and, this being so, we have no jurisdiction to entertain the proceeding (cf. *Bond, Inc.*, 12 B. T. A. 339; *Weis & Lesh Mfg. Co.*, 13 B. T. A. 144; *Engineers Oil Co.*, 14 B. T. A. 1148; *Bisso Ferry Co.*, 8 B. T. A. 1104; *American Arch Co.*, 13 B. T. A. 552; *Sanborn Bros.*, 14 B. T. A. 1059; *S. Hirsch Distilling Co.*, 14 B. T. A. 1073; *Consolidated Textile Corporation*, 16 B. T. A. 178).

Reviewed by the Board.

*Order of dismissal will be entered accordingly.*