WILSON v. THE CHICAGO, MILWAUKEE & ST. PAUL R'Y CO.

1. **Tender:** PLEA OF: ADMISSION: ESTOPPEL. Where a defendant pleads a tender, he admits that the plaintiff has a valid cause of action for the amount tendered, (see cases cited in opinion,) and he cannot afterwards claim, in a motion in arrest of judgment, that plaintiff's petition does not contain the necessary averments to entitle him to recover in any sum.

*Appeal from Pottawattamie District Court.*

FRIDAY, APRIL 23.

PLAINTIFF brought this action to recover double the value of one colt and two steers, which he alleges were killed by a locomotive and train of cars on defendant's railway track at a point where it had the right to fence. It is alleged in the petition that the aggregate value of said animals was $165; also that written notice of the injury was served on defendant; but that it failed and refused, for more than thirty days after the service of said notice, to pay the value of the animals. In its answer defendant denies all the allegations of the petition, except that of the killing of the stock. It also pleaded a tender of $128.50, which it alleges was the full value of said animals, and this tender was kept good by bringing the money into court, and depositing it with the clerk. On the trial, plaintiff introduced evidence tending to prove that he had served a written notice and affidavit of the loss on defendants more than thirty days before the suit was instituted. The jury found specially that the aggregate value of the animals was $160, and they returned a general verdict for plaintiff for that amount. Plaintiff moved for a new trial, on the ground that, under the evidence, he was entitled to recover double the value of the animals. Defendant filed a motion in arrest of judgment, on the ground that the petition did not contain the necessary averments entitling plaintiff to recover. The district court sustained the motion for

a new trial, and overruled defendant's motion in arrest. Defendant appeals.

*Wright, Baldwin & Haldane,* for appellant.

*Sapp & Pusey,* for appellee.

REED, J.—By its tender defendant admitted that plaintiff had a valid cause of action for the amount tendered. *Johnson v. Triggs,* 4 G. Greene, 97; *Brayton v. Delaware Co.,* 16 Iowa, 44; *Phelps v. Kathron,* 30 Id., 231; *Gray v. Graham,* 34 Id., 425. If plaintiff had elected, when the answer was filed, to accept the amount of the tender, he clearly would have been entitled to judgment for that amount. By the answer, defendant admits that plaintiff is entitled to judgment for $128.50, but by its motion in arrest it denies that he is entitled to judgment for any sum. It cannot be permitted to occupy both of these positions at the same time. The motion in arrest is inconsistent with the tender, and cannot be entertained.

Error is assigned on the order sustaining the motion for a new trial, but counsel have not argued the assignment. An assignment of error which is not argued is regarded as abandoned or withdrawn.

AFFIRMED.