H. N. Voss, Respondent, v. W. H. McGuire, Appellant.

Kansas City Court of Appeals, May 23, 1887.

1. TENDER OF MONEY—RULE GOVERNING AT COMMON LAW—CASE ADJUDGED.—The rule of law respecting the necessity of *keeping the tender good*, has no application to the facts and situation of this case. It applied to *common-law* tenders, and the making *profert* of the money at the trial. Where, *in such case*, tender is made *before suit brought*, the party, to make it avail, must *bring it into court* and *renew* the offer there, at the trial. In the case of *such* tenders, the party must, *thereafter*, keep his tender good by being ready, *at all times*, to respond to the demand of the other party for the money ; and, if not in readiness with the money, so tendered, to pay it over, at the election of the other, *whenever demanded*, he loses the benefit of any advantage sought to be secured by the tender.

2. ——— RULE GOVERNING UNDER SECTION 2924, REVISED STATUTES—EFFECT OF PAYMENT TO CONSTABLE.—Under section 2924, Revised Statutes, the provision is, that if, at any time, *after* the commencement of the suit, the defendant *pay the constable* the full amount which he owes the plaintiff, *up to that time, with all costs* then accrued, and the suit be not *discontinued*, but be further *prosecuted*, and the plaintiff shall not recover judgment for a *larger amount*, exclusive of costs and interest since accrued, than the sum so paid

to the constable, then the plaintiff shall pay all costs accruing after such payment. *Held*, that the statute discharges the defendant for liability from accruing costs (unless judgment is recovered for a larger amount, etc.), if the suit be not discontinued. *Held, further*, that, by the payment, the money passed into the *custody of the law*, and was thereafter subject *alone* to the demand of the *plaintiff*, for whom the constable held it.

3. ——— ——— How PAYMENT MADE, AND TO WHOM AS TO TOWNSHIP.—The statute, in such cases as this, contemplates that the payment of the money shall be to the constable of the township in which the suit is brought. Rev. Stat., sects. 2922, 2924.

APPEAL from Polk Circuit Court, HON. W. J. WALLACE, Judge.

*Reversed and remanded with directions.*

Statement of case by the court.

This action was instituted in a justice's court. After the service of summons, and before the trial in the justice's court, the defendant made payment to the constable, as a tender for the plaintiff, of a sum greater than the amount ultimately recovered by the plaintiff, together with the amount of costs then accrued. The plaintiff had judgment in the justice's court. On appeal to the circuit court, plaintiff again recovered judgment. On appeal taken to this court, the judgment of the circuit court was reversed and the cause remanded. 18 Mo. App. 477. On the re-trial of the cause in the circuit court, the plaintiff again had judgment, but for a sum less than that paid over by the defendant to the constable.

The evidence further shows that, after the plaintiff had recovered judgment the first time, in the circuit court, and while the cause was pending in this court on appeal (the constable having previously handed over the money so paid him as a tender, to the clerk of the circuit court), the clerk, on defendant's request, delivered the money to the defendant. But, after the cause was reversed and remanded, the defendant returned the money to the said clerk.

The evidence further shows that, after the money was so paid over to the constable, by defendant, the constable offered the same to plaintiff, through his attorney, who refused to accept the same. The plaintiff having recovered a sum less than that so tendered, the defendant moved the court to tax the costs against the plaintiff. The court refused so to do: To reverse this action of the court, this appeal is prosecuted.

T. G. RECHOW, for the appellant.

I.   The defendant having *deposited with the constable of the township where the suit was brought*, for the plaintiff, *more* than the amount recovered on the *trial of this cause*, and having *paid all costs due* up to the time of such deposit, *all costs accruing after* that time must be taxed against the plaintiff. See Rev. Stat., 1879, p. 490, sects. 2922, 2924.

II.   Where money is deposited with the constable *for the use of the plaintiff, no one but the plaintiff, or his agent*, could withdraw such deposit. Any payment by the constable, or his depositary, to any other person, amounts to nothing, and he, or the clerk, as the case may be, would be *liable to the plaintiff* for the amount so deposited. This is clear from the sections of the statutes referred to, and, also, from section 1009, page 187, Revised Statutes 1879. In this, the statute makes the constable *agent for the plaintiff*, to receive the deposit. *There is no authority* for the constable to turn the money over to the *circuit clerk*, without an order of court. But if it be admitted that it was perfectly proper to do so, then, the money being there, for the use of the plaintiff, the clerk *could not turn over the money to the defendant*, but would be liable to the plaintiff, on his bond. So that, though the defendant did, unauthorizedly, get the money, the plaintiff was not injured thereby. The clerk, or the constable, as the case may be, would always be responsible to him for the money, until a final disposition of the case.

III.   But in this case, the money *was never demanded after the deposit*.

J. D. ABBE and J. B. UPTON, for the respondent.

I.   There being nothing involved in this appeal *save costs*, this court will not *investigate* the matter, nor disturb the action of the court below.   *Walton v. Walton,* 19 Mo. 667; *Johnson v. Devlin,* 31 Mo. 427; *Hawkins v. Nowland,* 53 Mo. 328; *Hannon v. Shotwell,* 55 Mo. 429; *Dupont v. McLaran,* 61 Mo. 502.

II.   Whether or not appellant paid to the constable the *amount he conceived to be due*, or was willing respondent should recover, together with all the costs that had then accrued, was *a question of fact*, and the *onus* was on appellant.   There was evidence tending both ways.   There is no *evidence* showing what amount of costs had accrued at that time.   The payment was not to the *constable of Looney township*, who had the summons and subpœnas, and who would know exactly how much costs had accrued, but it was to the *constable of Marion township*, who had no papers in the case, nor official knowledge that there was any such case pending. The justice's transcript, in evidence, shows that constable Johnson's fees, for serving summons and subpœnas, were $6.30, and one W. L. Tise, for serving subpœnas, $6.25.   Whether this cost *accrued before or after* the payment to Delaplain, is not shown, but the burden of proof being on appellant, he must show that he tendered all the costs due, and to the proper officer. *Quaere :* Who was the proper officer in this case, the constable of *Looney* or *Marion* township ?

III.   The action of the appellant, in *withdrawing the money*, after the first trial in the circuit court, at the fall term, 1882, *estops him* from claiming any benefit under the deposit to the constable.   *He will not be suffered to blow both hot and cold.*   The question of the *liability of the clerk* to respondent is not in issue, neither is the action of the constable, in turning the

money over to the clerk, after the appeal from the justice's court. Appellant, by *receiving the money* from the clerk, *ratified the constable's act* in turning it over to the clerk; his *actions*, in regard to this tender, are marked with badges of *bad faith, all the way through.* The deposit of eighty-five dollars, *after reversal by this court,* will not avail appellant. The costs, at *that time,* were over three hundred dollars, and nothing was put up for costs.

IV. There is no *question of law* before this court. There were no instructions asked or given. The court *found the facts* against appellant, and the *evidence* warrants the finding.

PHILIPS, P. J.—The only ground, as I understand the position of the plaintiff, for sustaining the action of the trial court in refusing to tax the costs against the plaintiff is, that the defendant failed to keep his tender good. In other words, by obtaining the money from the clerk, as he did, he lost the benefit of the tender. In this construction of the statutes, I am unable to concur.

I. The rule of law respecting the necessity of keeping the tender good has no application to the facts and situation of this case. It applied to common law tenders, and the making *profert* of the money at the trial. Where, in such case, tender is made before suit brought, the party, to make it avail, must bring it into court and renew the offer there at the trial. In the case of such tenders, the party must thereafter keep his tender good by being ready at all times to respond to the demand of the other party for the money. If not in readiness with the money so tendered to pay it over at the election of the other, whenever demanded, he loses the benefit of any advantage sought to be secured by the tender. 1 Tidd's Pr. 619, 624; 3 Black. Com. 304, note 22; *Brickett v. Wallace,* 98 Mass. 528; *Moher v. Stoner,* 11 Ia. 30; s. c., 14 Ia. 115; *Berthold v. Reyburn,* 37 Mo. 587, 595. These are instances where the money,

after tender and refusal, remains in the hands of the party making the tender. It is thus under his control, and he may thereafter so deal with it as to forfeit any right secured by the tender. Not so, where the tender is made under the statute in question ( Rev. Stat., sect. 2924), which is as follows:

"If, at any time after the commencement of suit, the defendant *pay the constable* the full amount which he owes the plaintiff up to that time, together with all costs then accrued, and the suit be not discontinued, but be further prosecuted, and the plaintiff shall not recover judgment for a larger amount, exclusive of interest and costs since accrued, than the sum so paid to the constable, then the plaintiff shall pay all costs accruing after such payment."

This is a *payment* to the constable, for the benefit of the plaintiff. By the express terms of the statute it discharges the defendant from liability for accruing costs, if "*the suit be not discontinued.*" By the payment to the constable, without qualification, the defendant lost all control over the money so paid. He had no right to re-take or claim it. It had passed into the custody of the law, and was thereafter subject alone to the demand of the plaintiff, for whom the constable held it.

As said in *Sowle v. Holdridge* (20 Ind: 209), "the payment of the money into court, therefore, by Holdridge, was the payment of the amount to Sowle. The money became at once his, and at his risk. He could, at any time, take it out of the court, but Holdridge could not. His power over it ceased;" citing *Murry v. Bethune*, 1 Wend. 191; *Reed v. Armstrong*, 18 Ind. 446. In *Murray v. Bethune*, the court say : "It was a payment *pro tanto*. The plaintiff had a right to take it out of court, and the defendant had not." In *Reed v. Armstrong*, the court say : "A tender, followed by bringing the money into court, is regarded as a payment at the time, and the person pleading it cannot withdraw the money so deposited, whether the verdict be for the same

or a greater amount than the sum tendered, but the amount must be paid to the plaintiff."

By paying the money to the constable, it became so much the property of the plaintiff that, even had he recovered judgment for a less sum, the court could not have ordered the excess paid back to the defendant. The plaintiff was entitled to the sum so paid as the amount confessed to be due and owing the plaintiff. The only issue in such case being as to the excess owing by defendant above the sum tendered. *Sweetland v. Tuthil*, 54 Ill. 515.

The corresponding provision of the statute ( Rev. Stat., sect. 1009), concerning suits in the circuit court, providing for the deposit with the clerk, for the use of the plaintiff, of the sum due, as constituting a complete bar to the recovery of any subsequent costs, clearly indicates the mind of the law-maker in drafting these provisions. The money so deposited is *in custodia legis*, for the sole and exclusive use of the plaintiff, and is beyond the control of the depositor. The payment to the constable or the clerk, *ipso facto*, concludes the plaintiff from imposing any other costs on the defendant by further prosecution of his action, in the event he has judgment for no greater sum than the deposit.

II. There is no provision of law for the act of the constable, in this case, in turning the money over to the clerk of the court. It was a voluntary, unauthorized act. The clerk held it as a mandatary for the constable. The constable alone could demand it of the clerk. The constable was answerable to the plaintiff therefor. And it would be no defence for the constable, when called upon by the plaintiff for this money, to plead that he had turned it over to the clerk and the defendant had gotten it from the clerk. The legal status of the money so deposited was fixed by the act of the defendant in paying it to the constable. No subsequent wrongful act of his in obtaining possession of it could alter that relation. It was *in custodia legis*, and the officer must answer for

it. Moreover, as the surrender of the money by the clerk was an unauthorized proceeding, and the defendant made restitution of the same before final trial, thereby placing the parties *in statu quo*, and this, too, after the plaintiff had refused to receive the money from the constable, the legal status of the tender remained, in contemplation of law, unaffected. *Storer v. McGaw*, 11 Allen, 527.

In *Klein v. Keys et al.* (17 Mo. 327), the court recognized the distinction, as asserted in this opinion, between a tender made under the statute, and at common law. Scott, J., said : "Under this section it was not necessary, after a tender, to bring the money into court, nor to show that the defendant had always been ready to pay ; the tender before suit brought only affecting the matter of costs."

Both law and good conscience are against the attempt of the plaintiff, after his persistent litigation and refusal to accept the tender, to impose the costs of his vexatious contention upon the defendant, who, as the sequel shows, was in right throughout.

III. The payment of the money to the constable of the township wherein the justice presided was proper. This becomes quite apparent by reference to section 2922. The first section provides for payment in case of tender before suit brought. If the plaintiff thereafter, will sue, the defendant may then deposit the amount so tendered "with the constable *of the township in which the suit is brought.*" This is followed by section 2924, providing for tender after suit brought ; and the draftsman having in mind the provision in the preceding section, where the constable is designated, says : "If the defendant pay to *the* constable." The constable of the township where the justice presides is the proper depositary, as the plaintiff generally resides there, and the constable of such township is the one to act ministerially in, and about, the court, the place of trial.

The judgment of the circuit court is reversed and the cause remanded, with directions to sustain the motion, and to adjudge the costs accordingly. Hall, J., concurs; Ellison, J., dissents.