KANSAS CITY TRANSFER COMPANY, Appellant, v. DAVID G. NEISWANGER ET AL., Respondents.

Kansas City Court of Appeals, October 24, 1887.

1. TENDER OF MONEY—RULE GOVERNING UNDER SECTION 2924, REVISED STATUTES—EFFECT OF PAYMENT TO CONSTABLE.—Under section 2924, Revised Statutes, the provision is, that if, at any time, after the commencement of the suit, the defendant pay the constable the full amount which he owes the plaintiff, up to that time, with all costs then accrued, and the suit be not discontinued, but be further prosecuted, and the plaintiff shall not recover judgment for a larger amount, exclusive of costs and interest since accrued, than the sum so paid to the constable, then the plaintiff shall pay all costs accruing after such payment. *Held*, that the statute discharges the defendant for liability from accruing costs (unless judgment is recovered for a larger amount, etc.), if the suit be not discontinued. *Held*, further, that by the payment of the money, the money passed into the custody of the law, and was thereafter subject alone to the demand of the plaintiff, for whom the constable held it. (Following *Voss v. McGuire*, 26 Mo. App. 452).

2. ——— WITHDRAWING TENDER—EFFECT OF.—Where, upon the trial in the circuit court (the tender in this case having been made in the justice's court), the defendants' counsel, before offering any evidence, announced the withdrawal of the tender so made as aforesaid. *Held*, that whether the tender was actually received back from the constable, or whether the circuit court granted the application to withdraw, neither could affect the right of the plaintiff, it not consenting thereto, to demand of the constable the sum so tendered.

APPEAL from Jackson Circuit Court, HON. JAMES H. SLOVER, Judge.

*Reversed and remanded with directions.*

The case is stated in the opinion.

LATHROP & SMITH, for the appellant.

I. Plaintiff was a common carrier of freight in the

City of Kansas and had hauled freight for defendants. Defendants, by receiving and paying the freight and charges, without objection, on the property hauled by plaintiff in February, warranted the plaintiff in hauling the goods in controversy in May, and charging defendants with the freight and drayage thereon. Defendants were acquainted with plaintiff's custom in regard to paying freight and back charges on goods hauled for their customers, settling with the railroad companies and collecting from their customers. Notice to plaintiff's collector not to haul was not notice to the plaintiff company. Plaintiff's first instruction to this effect should have been given.

II.   Under the fourth instruction given for plaintiff there should have been a finding in its favor. The undisputed evidence showed that the only controversy between the parties was in regard to defendants' claim for damages, and inasmuch as under the third instruction given they were not entitled, by the evidence, to have their claim for damages allowed, the judgment should have been in plaintiff's favor for the full amount of its bill.

III.   Plaintiff's fifth instruction correctly declared the law, and the court erred in refusing it. The tender by defendants was a conclusive admission of the justness of plaintiff's demand to the amount of the tender, and the proof showed that plaintiff's entire bill was of the same character and equally due with that part of it admitted to be owing by defendants. Defendants' claim for damages being rejected, by applying the third instruction to the evidence, plaintiff ought to have had a judgment for the full amount sued for.

IV.   In any event, judgment should have been rendered for the amount of the debt tendered and all the costs in the case. The tender having been withdrawn at the trial, between four and five years after it was made, while it did not weaken the force of the admission of the correctness of the debt to at least the amount ten-

dered, did take away the protection from liability for costs incurred subsequent to the tender. To save such liability from attaching the tender must be kept good. *Cockrill v. Kirkpatrick*, 9 Mo. 697, 704; 2 Greenleaf on Evid. [Redf. Ed.] p. 525, sect. 600 ; *Moynahan v. Moore*, 77 Am. Dec. 485, note.

V. But beyond all controversy, plaintiff was entitled to a judgment for the amount of the debt and costs tendered, and error was committed by the refusal of plaintiff's sixth declaration of law. One of the defendants testified that they never disputed plaintiff's bill and did not dispute it now ; that they simply wished their damages allowed, and the difference between the amount of their claim for damages and the amount of the plaintiff's bill was the amount they had tendered ; that they had made this tender under the advice of their attorney. This tender remained uncalled for between four and five years, and was not withdrawn at the last trial until after plaintiff had rested its case. Its withdrawal then did not destroy the legal effect of the tender as a conclusive admission that the amount of plaintiff's demand to the extent of the tender was justly due. *Mahan v. Waters*, 60 Mo. 167 ; *Williamson v. Baley*, 78 Mo. 636.

VI. In *Rose v. Rubeling* (24 Mo. App. 369), the St. Louis Court of Appeals holds "that when a tender for a certain amount is made, such tender is an admission of so much due, and where such tender is the only evidence of the amount due, the court should render judgment for the amount of the tender." *Brown v. Pickard*, 9 Pac. Rep. 573.

No brief for the respondents.

PER CURIAM.—This cause has heretofore been here on appeal, and is reported in 18 Mo. App. 103. It was remanded for further proceedings.

The second trial seems to have been conducted consistently with the ruling of this court, and we discover no reversible error in respect of the points heretofore passed upon by this court. But as it appears from the record now before us that (the suit having been instituted in a justice's court) the defendants deposited, as a tender, with the constable, after suit brought and before the trial, the sum of $11.88, together with the costs accrued up to that time, the plaintiff contends that the circuit court erred in refusing to instruct the jury, as requested by plaintiff, to find, at least, that sum for the plaintiff. We have passed upon this question at this term in the case of *Voss v. McGuire* (26 Mo. App. 452). Adhering to the ruling, and the principles therein determined, we must hold that the circuit court erred in not so instructing the jury. The sum so paid to the constable was an admission on the part of the defendants that they owed the plaintiff that much, and the only matter at issue thereafter between the parties was as to the excess claimed by the plaintiff. No matter what the result of the trial, the sum so tendered and paid over to the constable belonged to the plaintiff. It is true that on the last trial after this tender had so remained in the constable's hands throughout the litigation, the defendants' counsel stated to the court: "We desire before offering any evidence to withdraw the tender made in this case." Whether the tender was actually received back from the constable, or whether the court granted the application, the record is silent. This could not affect the right of the plaintiff, it not consenting thereto, to demand of the constable the sum so tendered. *Voss v. McGuire, supra.* Of course all the costs which accrued in the trial court, after the time of the tender, are taxable against the plaintiff, it having failed to recover a greater sum.

It follows that the judgment of the circuit court must be reversed, and the cause is remanded, with directions to the circuit court to enter judgment for the

plaintiff, for said sum of $11.88, and the costs which had accrued up to the time of the tender, and to tax against the plaintiff all the costs which accrued thereafter. The costs of this appeal in this court to be taxed against the respondents.