ELIZABETH BERMAN, Respondent, v. GEORGE W. HOKE, Appellant.

St. Louis Court of Appeals, March 12, 1895.

1. **Practice, Appellate**: REVIEW OF RULINGS ON EVIDENCE. An exception to the admission of evidence will not be reviewed on appeal, if it is not preserved by motion for new trial.

2. **Cross-Examination of Witnesses**: ORAL PROOF OF RECORDS IN IMPEACHMENT. It is not competent to inquire of a witness, on cross-examination, whether he has not been convicted of a criminal offense, or whether he pleaded guilty to the charge of such offense, the judicial records being the best evidence as to these matters.

3. **Chattel Mortgages**: EFFECT OF TENDER OF MORTGAGE DEBT. The tender of the mortgage debt to the mortgagee in possession after forfeiture does not destroy the lien of a chattel mortgage.

4. **Tender**: EFFECT AS ADMISSION. A tender is in the nature of a judicial admission that the amount tendered is actually due.

*Appeal from the Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED AND REMANDED.

*C. D. Jamison* for appellant.

(1) The court erred in refusing to allow respondent to prove by witness, Louis Berman, *first*, that he had been convicted of an infamous crime; *second*, that he had pleaded guilty to changing the mark of a hog with intent to steal it. *State v. Miller*, 100 Mo. 606; *State v. Taylor*, 118 Mo. 153; Wharton's Criminal Practice [9 Ed.], 474;. 1 Bishop's Criminal Practice, sec. 1185. (2) Instructions numbered 4 and 6 for plaintiff contain the legal fallacy, that tender to a mortgagee of chattels, in possession after forfeiture, destroys the mortgage lien. *Jackson v. Cunningham*, 28 Mo. App. 354; *Thompkins v. Beattie*, 11 Neb. 147; *Rogers v. Traders Ins. Co.*, 6 Paige, 583; *Stoddard v. Dennison*, 3 How. Pr. 296; *Charter v. Stevens*, 3 Den. 33; *Patchin v. Pierce*, 12 Wend. 61; *Mitchell v. Roberts*, 17 Fed. Rep. 776.

*Thomas M. Jones* for respondent.

BOND, J.—The facts in this case, which are undisputed, are that Elizabeth Berman and her husband, Louis Berman, came to Phelps county, Missouri, from the state of Michigan, and moved upon the farm of G. W. Hoke under a lease, and purchased from him certain stock, paying $270 in cash and the husband's note for $107, secured by a chattel mortgage on other horses, which were acquired by said Elizabeth Berman from "her folks" while she and her husband lived in Michigan, and which were claimed by her as her separate property during her residence in this state; and

that, at the time of the giving of this mortgage, the mortgagee was informed that the property conveyed therein belonged to said Elizabeth Berman. The mortgage was executed by the husband alone, but was given with the consent of the wife. The mortgagee, G. W. Hoke, contracted with the husband for the building of a stable on his farm, for making certain rails and for pruning an orchard, and, also, engaged board for himself with the family of his tenants. For these services, and the amount of his own board, the mortgagee agreed to put a credit on the note of the husband secured by said mortgage. The reasonable value of these services and the board of said Hoke for the time he remained was $58. Thereafter, and before the mortgage fell due, Hoke left Phelps county and placed the collection of the note and mortgage in the hands of his attorney, A. Corse. This attorney notified the mortgagor, who came to the office of the attorney and executed a new note and gave a second mortgage. The last note was somewhat larger than the first, on account of the charges and expense of making out the papers. By the second mortgage the time of payment was extended; it also recited that, when the note therein secured was paid, that would be payment of the first note. A few days before the maturity of the second mortgage, the mortgagor came to the office of Hoke's attorney and paid $42.50 in cash, thus reducing the amount of the debt secured by said mortgage to $80. The mortgagor then delivered for payment of this balance a note in his favor made by one Dawson for $50, and an open account against said Dawson for $30. The open account was not made out upon paper, but accrued out of the oral agreement of said Dawson to pay that much on said mortgage on account of his indebtedness to the mortgagor. When the mortgagee returned, he called upon his attorney, Corse, and took

from him the instrument of mortgage and, also, the Dawson note, but *refused* to take either of the notes which were secured by the two mortgages. The mortgagee thereafter received payment of the Dawson note and interest, aggregating $51. After the transaction between the mortgagor and the mortgagee's attorney, the mortgagor left Phelps county. During his absence the mortgagee replevied the property described in the mortgage from the possession of a third party. Upon the mortgagor's return he applied to the mortgagee for the delivery of this property, which was refused. Thereupon an action of replevin was instituted by Elizabeth Berman against G. W. Hoke for said property. When the officer in charge of the writ went out to make service, he was accompanied by her husband, who then offered the mortgagee $25 to deliver the property. The mortgagee replied that this was not enough, and refused to deliver the property, and said to the officer that he would have to hunt and find it. After several attempts to discover the property, it was found in another county, where it had been taken by the mortgagee. The $25 which plaintiff's husband had offered defendant was placed in the hands of the constable, who turned it over to the justice before whom the case was tried. Plaintiff had judgment before the justice, from which defendant appealed to the circuit court, where plaintiff likewise recovered judgment, from which the case was appealed to this court.

The first point appellant makes is that the court erred in permitting the husband to testify on behalf of the wife. Appellant excepted to the admission of the testimony of the husband at the time, but, having wholly failed to call the attention of the trial court to this exception in his motion for new trial, he can not avail himself of it in this court. *Bank of Warren County v. Kemble*, 61 Mo. App. 215.

The next error assigned by appellant is the refusal of the court to allow him to ask the witness Berman the following questions:

"*Q.* I will ask you, if you have not been convicted in this court for stealing hogs?

·"*Q.* Didn't you plead guilty to changing the mark of a hog with a design to steal it?"

The answers to both of these questions were excluded by the court on the objection of respondent, to which appellant excepted at the time, and made such exception one of the grounds of his motion for new trial. · The point is, therefore, properly saved. The answers to these questions were properly excluded, because the best evidence of the facts sought to be elicited would be the records of the court. The questions asked in the cases cited. by appellant in support of this point were not, as in this case, such as to require record proof. *State v. Taylor*, 118 Mo. 153; *State ex rel. v. Miller*, 100 Mo. 445.

The next point made by appellant is the refusal of the court to permit him to read in evidence on the trial of this cause the record of the cause of *Hope v. Marling.* The exception to the exclusion of this evidence is not referred to in the motion for new trial, and the point is not before us.

Appellant objects to the instructions given on behalf of respondent. The fourth and sixth instructions given on behalf of respondent stated an incorrect proposition of law.   By these two instructions the jury were told, in effect, that a tender to a mortgagee of chattels in possession after forfeiture destroys the mortgage lien.   This was error and necessitates a reversal. *Jackson v. Cunningham*, 28 Mo. App. 354.   My associates are also of opinion that the court erred in giving plaintiff's first instruction, as a tender is in the nature of a judicial admission that the amount tendered was

actually due, which proposition in the abstract I do not question, but I hold that under the evidence there was no statutory tender, and that the purpose for which the money was offered,—whether to buy peace or as an admission of indebtedness—was a fact to be found by the jury. The judgment herein will, therefore, be reversed and the cause remanded. All concur.