## WELLS, Respondent, v. MISSOURI-EDISON ELECTRIC COMPANY, Appellant.

### St. Louis Court of Appeals, December 13, 1904.

1. **PRACTICE: Consolidating Corporations.** Under section 1334 of the Revised Statutes of 1899, the consolidation of existing corporations leaves the right of creditors of such corporations unimpaired.

2. ———: ———: **New Party.** Where a suit is pending against one of the consolidating corporations at the time of the consolidation, the plaintiff has his election to proceed against the united corporation or press his claim to judgment against the original corporation.

3. ———: **Tender in Court: Waiver of Defense: Unliquidated Damages.** A payment into court, and tender to plaintiff, by a defendant, in an action for personal injuries, of a sum of money as sufficient compensation for the injuries sued for, is an admission of the plaintiff's cause of action, leaving, as the only issue to be determined, the amount of plaintiff's damages, although the answer denies the specific acts of negligence alleged as grounds for recovery.

4. ———: **Cross-Examination: Discretion of Trial Court.** The trial court commits no error in stopping a prolonged cross-examination of an expert witness upon a point in regard to which there is no evidence.

5. ———: **Personal Injuries: Future Pain.** In an action for personal injuries, an instruction which authorizes a recovery for "physical pain and mental anguish, *if any*, which the plaintiff has suffered or will hereafter suffer," is not open to the objection that it assumed the injuries were permanent.

6. ———: **Reply.** It is too late, after a trial and verdict for plaintiff, for the defendant to raise the objection that no reply was filed by the plaintiff putting in issue the affirmative allegations of his answer.

Appeal from St. Louis City Circuit Court.—*Hon. Horatio D. Wood*, Judge.

AFFIRMED.

*Gilliam & Smith* for appellant.

(1) The court erred in ruling of its own motion without the point being raised that the only question to be tried was the amount of damages. 1 Chitty on Pleading, pp. 582-598 (14 Amer. Ed.), vol. 3, 1151-1153; Boyden v. Moore, 5 Mass. 370. Opportunity for amendment should have been given. Clarke v. Lyon Co., 7 Nev. 75. (2) The appellant claims that the question of permanent damages and future pain and mental anguish were disputed questions and the language of this instruction particularly the last clause assumed that there was permanent injury and future pain and anguish, and was an improper comment on the evidence, and tended to mislead the jury. State v. Bonner, 77 S. W. 463. (3) The jury should have been instructed, that they could only find for such pain and anguish as they believe from the evidence will reasonably result in the future. Albin v. Railway, 77 S. W. 153; Bigelow v. Railway, 48 Mo. App. 367; Curtis v. Railway, 18 N. Y. 534; Baker v. Independence, 93 Mo. App. 165. (4) There was no estoppel against appellant and the court erred in giving the said first instruction and raising thereby an estoppel against appellant, and the instruction was erroneous in excluding defendant's defense on the negligence and on the accident and misadventure. Estoppels by record are mutual, and can not be insisted upon by one who is himself not bound thereby. Groshon v. Thomas, 20 Md. 234; 1 Greenleaf's Evid. (Redf. Ed.), secs. 524-528; Lachman v. Block, 47 La. Ann. 505; Lusk v. Benton, 30 La. Ann. 686; Cohoes Co. v. Goss, 13 Barb. 137; Smith v. Knowles, 2 Grant Cas. (Pa.) 413; Lewis v. Castleman, 27 Tex. 407. (5) Where damages are uncertain, tender can not be made. McDowell v. Kellar, 44 Tenn. (4 Cold.) 258; Breen v. Railroad, 50 Tex. 43; Green v. Shurtliff, 19 Va. 592; Hart v. Skinner, 16 Vt. 138.

(6) The statute, now section 1566, R. S. 1899, first appeared as section 24, page 245, article "Costs," R. S. 1845, in the same language and has been in force at all' times since 1845, and was the statute before any of the Missouri cases we have cited. Payment into court not an admission of any cause of action beyond amount paid in. Simpson v. Carson, 11 Ore. 361. Acceptance of tender in a case of unliquidated damages is void because tender can not be made in such case. McKercher v. Curtis, 35 Mich. 478. (7) The payment of money into court was a useless act, it did not bind plaintiff and did not estop defendant, if our decisions on questions of tender are applicable to this case. Hodges v. Litchfield, 3 M. & S. 201, 9 Bing. 713; 8 East 168; Roberts v. Beatty, 2 Pen. & Watts (Pa.) 71; Sowle v. Holdridge, 25 Ind. 119. (8) Money can not be paid into court where the amount sought to be recovered is not a sum certain or capable of being ascertained by computation as in an action for false imprisonment. Bennett v. Smerdon, 16 L. T. N. S. 296. The plea is bad, as the action is brought for the recovery of unliquidated damages. Dunning v. Humphrey, 24 Wend. 31. (9) The payment into court in an action for unliquidated damages was nugatory, but if held valid it barred appellant only to the amount of the payment, and did not prevent any defense on the merits. Taylor v. B. E. R. R. Co., 119 N. Y. 562; Breunich v. Weselman, 100 N. Y. 609; Rucker v. Palsgrave, 1 Camp. 558; 1 Durn & East (1 T. R.) 464; 3 Durn & East (3 T. R.) 657; 1 Tidd, Prac. 624; 4 Durn & East 579; Elliott v. Ins. Co., 66 Pa. St. 27; Abel v. Opel, 24 Ind. 25. (10) The true rule is that payment into court where permissible does not waive or bar other defenses. Story v. Finnis, 6 Exch. 123; Schreger v. Carden, 10 Eng. Law & Eq. 513; Davis v. Millaudon, 17 La. Ann. 105; Spaulding v. Vandercook, 2 Wend. 431; 2 Archbold, Pr. (2 Amer. Ed.), 199. (11) We claim that defendant's pleading was an inad-

vertence which was fully shown to the court and plaintiff before trial, and application made for leave to amend which was denied. The case then stood as against a dead person. No judgment could go that would be of any validity. Plaintiff took no action to maintain his case against a live corporation. The Union Electric Light & Power Co. was entitled to its day in court. Slattery v. Transportation Co., 91 Mo. 227; Thompson v. Abbott, 61 Mo. 177; U. S., etc., Co. v. Isaacs, 23 Ind. App. 533; State v. Railroad, 77 Md. 489; Berry v. Railroad, 52 Kan. 774; Manny v. National Surety Co., 78 S. W. 70.

*Selden P. Spencer* and *Gladney & Graves* for respondent.

(1) The court on the trial while plaintiff was introducing his evidence stated that "the only question to be tried is the amount of damage." No exception was made to this ruling by defendant, and, thereupon, plaintiff ceased to introduce any evidence on the question of negligence of defendant. The plaintiff's failure to reply to the defendant's answer unless objected to before the trial is waived and can not be raised for the first time in a motion for a new trial, in arrest or on appeal. Henslee v. Cannefax, 49 Mo. 295; Insurance Co. v. Harlan, 72 Mo. 202; Epperson v. Telegraph Co., 155 Mo. 371, 50 S. W. 795, 55 S. W. 1050; Jones v. Rush, 156 Mo. 371, 57 S. W. 118. (2) The court did not err in ruling that the answer of defendant and the payment made by defendant into court left the question of damages as the only issue to be tried. Perren v. Railway, 11 C. B. 855. This case discusses the prior English cases (cited below) and establishes the present rule. The prior cases are: Fischer v. Aide, 3 M. & W. 485; Kingham v. Robins, 5 M. & W. 94; Story v. Finis, 6 Exch. 122; Schreger v. Carden, 10 Eng. Law and Eq. 513; Bacon v. Charlton, 7 Cush. (Mass.) 581. This rule

is also established in the subsequent cases of Hubbard
v. Knous, 7 Cush. (Mass.) 556; Hosmer v. Warner, 7
Gray (Mass.) 186; Currier v. Jordan, 117 Mass. 260;
Bouve v. Cottle, 143 Mass. 310; Noble v. Fagnant, 162
Mass. 275. In New York the same rule is announced.
Johnson v. Ins. Co., 7 Johns. (N. Y.) 315; Spaulding v.
Vandercook, 2 Wend. (N. Y.) 431; Roosevelt v. Rail-
way, 45 Barb. (N. Y.) 554. In Iowa and Illinois the
same rule is announced in the following cases. Frink
v. Coe, 61 Am. Dec. (Iowa) 141; Wilson v. Railway,
68 Iowa 673; Cille v. Hawkins, 48 Ill. App. 308; Frew
v. Railway, 57 Ill. 42; Railway v. Cole, 62 Ill. App. 480;
s. c., 165 Ill. 334; 1 Greenleaf on Evidence (16 Ed.),
sec. 205; 21 Ency. Plead. and Pr., 582; Hunt on Tender,
secs. 404 and 503. (3) The court did not err in deny-
ing appellant's motion for leave to amend by setting
up the consolidation of the defendant with another cor-
poration. The statute expressly provides "that no such
consolidation shall in any manner affect or impair the
rights of any creditor of either of said corporations."
R. S. 1899, sec. 1334; Lindell v. Benton, 6 Mo. 361;
Kinion v. Railway, 39 Mo. App. 382; Evans v. Transit
Co., 106 Mo. 594, 17 S. W. 489; Shackleford v. Railway,
52 Miss. 159; 2 Morawetz on Corporations (2 Ed.), sec.
954; Woods on Railroads (2 Ed.), sec. 486, p. 2047.

REYBURN, J.—Plaintiff, a minor about twenty
years of age, brought this action against defendant, a
corporation operating an electric light plant and main-
taining poles supporting electric wires erected on the
public streets of the city of St. Louis, to recover for
injury sustained by him, while a pedestrian on the side-
walk in the afternoon of June 6, 1903, caused by a me-
tallic object, a mica insulator, which slipped from the
grasp of defendant's workman engaged in repairing
overhead wires, on a pole near Papin and Eighteenth
streets, and descending struck plaintiff on his head.

Defendant by its answer admitted its ownership

and operation of an electric light plant and the maintenance of poles and appliances in the city, and plaintiff's injury by some object striking him, but denied that he was seriously hurt; and denying any negligence on its part, alleged that the occurrence was an unforeseen misadventure and accident, and defendant had always been ready and willing to compensate plaintiff reasonably for his injuries, and denying other allegations of the petition, the answer continuing set forth that the costs had been taxed for a tender and amounted to $13.45, which defendant had deposited in court with $50 additional, which amount was tendered to plaintiff.

1.    On the day of trial, defendant filed an affidavit, that a complete determination of the cause could not be had without a corporation specified be made defendant, as the defendant and another corporation named had been consolidated and become a new corporation, which was sought to be made defendant and that the original defendant had ceased to exist, and a summons for the amalgamated corporation was asked. While the statute makes provision for the consolidation of existing corporations, the same section expressly reserves the right of creditors of such merging corporations unimpaired and unaffected. R. S. 1899, sec. 1334. That legal proceedings pending against a consolidating corporation do not in consequence abate has been decided in this State. Evans v. Railway, 106 Mo. 594, 17 S. W. 489. It would seem to be apparent beyond discussion, that a corporation no more than a natural person by transfer of its assets and liabilities to another can not discharge its own liabilities nor disturb suits already pending to enforce them. The plaintiff may have had the election of pursuing the united corporation but he was under no compulsion to follow it; any statutory enactment endeavoring to affect or prejudice plaintiff's existing rights as consequence of a merger embracing a corporation against which he was proceeding would

probably be invalid and unconstitutional. 2 Morawetz, Corporations, sec. 954; Wood on Railroads, p. 2047.

2. The chief reliance of appellant for reversal of the judgment below appears to be the ruling of the trial court, that the answer of defendant was in effect a solemn admission of its liability for the injuries sustained by plaintiff, and that the only question to be submitted to the jury was an inquiry of damages, and in conformity to this theory, refusing defendant's instructions, the court of its own motion charged the jury as follows:

"The court instructs the jury that the sole issue to be determined in this case is the amount of damages which the plaintiff is entitled to recover.

"In determining this amount the jury should take into consideration the physical pain and mental anguish, if any, which the plaintiff has suffered or will hereafter suffer in consequence of his injuries, and also should consider the temporary or permanent character of the injury as shown by the testimony.

"Considering these elements of damages, the jury should award the plaintiff such sum as you believe from the evidence will reasonably compensate him for such injuries as he has sustained and will sustain in the future and resulting from the blow on the head which he received."

Investigation has proven futile to disclose any statute or decision in this State decisive of the question of the operation of a tender and payment into court of a specific sum as adequate compensation for injuries suffered in an action for unliquidated damages sounding in tort. The right to make a tender in such class of cases has been unqualifiedly denied in this State, but without consideration of the proposition here involved. Joyner v. Bentley, 21 Mo. App. 26; Lieurance v. McComas, 59 Mo. App. 119; Nanson v. Jacobs, 93 Mo. l. c. 343, 6 S. W. 246.

In England, in an action for personal injury sus-

tained by a passenger by the railway carriage convey-
ing him being suddenly thrown off the line of railway,
where the defendant brought into court a sum specified
and pleaded that such sum was enough to satisfy the
claim of plaintiff in respect to the matter pleaded to,
the Court of Common Pleas declared that in an action
of tort when the declaration was general and unspecific,
the payment of money into court, though it admits a
cause of action, does not admit the cause of action sued
for, and it devolved on plaintiff to give evidence of
his cause of action before he could recover larger dam-
ages than the amount paid into court. On the other
hand, if the declaration was specified so that nothing
would be due to plaintiff from defendant, unless the
defendant admitted the particular claim made by the
declaration, the payment of money into court admitted
the cause of action sued for and stated in the declara-
tion and in the case before the court, the damages being
entire from a single breach of duty it became a pure
question of damages. Perren v. Monmouthshire Rail-
way Co., 11 C. B. 885.

In Massachusetts, in Bacon v. Inhabitants, etc., 7
Cush. 581, an action on the case to recover damages
for an injury sustained by plaintiff in being thrown
from his vehicle, while travelling through the town of
Charlton, in consequence of an obstruction in the high-
way, where prior to the action, defendants tendered
plaintiff a sum named, in full for his damages, and
upon return day of the writ paid the same amount into
court, the ruling of the common pleas judge, that the
tender admitted the plaintiff's cause of action and all
that was necessary for him to prove to sustain it, and
that the only question open was the amount of dam-
ages and denying to defendant the right of introducing
evidence of carelessness on the part of plaintiff, either
as to the merits of the action or in mitigation of dam-
ages, was upheld on appeal. This early case has been
cited and the principle approved in a series of subse-

quent decisions. Hosmer v. Warner, 7 Gray 186; Currier v. Jordan, 117 Mass. 260; Bouve v. Cottle, 143 Mass. 310; Noble v. Fagnant, 162 Mass. 275.

In New York, the code now appears to permit a tender in all actions brought for recovery of a sum certain or of damages for a personal injury. Taylor v. Railroad, 119 N. Y. 561. The earlier cases, anterior to the adoption of this provision, support the principle that a tender, though irregular in form, is an admission of the cause of action as alleged in the declaration. Johnson v. Ins. Co., 7 John. 315; Roosevelt v. Railroad, 45 Barb. 554.

In Iowa, a tender is declared to admit a valid cause of action for the amount tendered. Wilson v. Railway, 68 Iowa 673.

In Illinois, in an action on the case for damages alleged to have been sustained from personal injuries received in a railroad collision, where a tender of $1,000 by defendant had been refused and the money paid into court, the court held that the only question to be tried was as to the amount of damages sustained by plaintiff and a recovery of a sum materially exceeding the amount tendered was sustained. Illinois, etc., Railroad Co. v. Cole, 165 Ill. 330; s. c., 62 Ill. App. 480; Frew v. Railroad, 57 Ill. 42.

A commentator on the law of tender thus expounds the construction to be given payment of money by the defendant into court: "So where a tender is made and pleaded in a case where one can not be lawfully made or pleaded, as in case of an offer of a sum upon an unliquidated claim, it is an admission of record and dispenses with the proof necessary to enable plaintiff to recover, unless he goes for a greater amount of damages." "Bringing money into court, as has been shown, admits a liability to the amount paid in, dispensing with all that proof which a plaintiff would otherwise be required to produce in order to recover the amount paid in, but it admits nothing more, and a defendant may

dispute his liability ultra such payment upon any ground *consistent* with an admission of the original cause of action." Hunt, secs. 404-503. To same effect, 1 Greenleaf, Ev., sec. 205; 21 Ency. Plead. and Prac., 582.

The better rule supported by the above authorities, we believe to be, that the payment of the given sum into court and its tender thereby to plaintiff as sufficient compensation for his injury operated as a solemn and conclusive admission of plaintiff's cause of action, and of the existence of every fact essential to maintain his action, and the trial court rightly held that the extent of the injuries and consequent amount of plaintiff's damages only were remaining. It would be a gross inconsistency, particularly under the precise language employed by defendant in its answer, if after such tender and payment, the merits of the case were still open to contest at the trial and if its negligence in the occurrence could still be denied and disputed by defendant, and such issue be submitted for a finding by the jury in the instructions asked by defendant and refused by the court. The cases invoked by appellant as leaning to a contrary conclusion, we decline to recognize as persuasive insofar as opposed to the view here adopted, and they will be found on analysis to consist chiefly of cases *ex contractu*, where under the statute, a tender was sanctioned and such plea declared restricted to an addition of liability to the extent of the sum offered.

3. Appellant's counsel at conclusion of the cross-examination of a physician, who had examined the plaintiff about two weeks prior to trial, interrogated the witness as to what was malingering, whereupon the court of its own accord excluded the question as not relevant. The term, malinger, is defined by eminent authority as, to feign or induce sickness, and a malingerer is characterized as one who feigns or induces illness to avoid service or shirk duty, especially a soldier

or sailor. Century Dictionary. There was no proof pointing to any such conduct on the part of plaintiff, and in absence of objection by plaintiff's attorney, the court had patiently tolerated cross-interrogatories involving definition by the medical expert under examination of malingering and no error was committed by the court in declining to prolong such irrelevant inquiry and immaterial discussion.

4. The instruction exhibited herein before is further assailed as assuming, especially in its final clause, that there were permanent injuries and future pain and anguish and as an improper comment on the evidence and tending to mislead the jury. We are unable to distinguish therein any trace of such infirmities; the court expressly directed the jury, in their determination of the damages, to take into consideration the physical pain and mental anguish, *if any,* and those words of qualification and contingency are to be read and implied in all parts of the instruction; the jury as composed of reasonable men could not have otherwise understood the language employed.

5. Appellant insists that issue was not joined on the affirmative allegations of its answer by any reply on behalf of respondent. No such objection was presented at or before trial, if indeed any reply was essential, and having proceeded to trial, it is too late after verdict to urge such objection, which, if proper, should have been brought to the notice of the court at the outset of the hearing. Epperson v. Postal, etc., Co., 155 Mo. l. c. 371, 50 S. W. 795, 55 S. W. 1050; St. Joseph, etc., Co. v. Harlan, 72 Mo. 202; Henslee v. Cannefafe, 49 Mo. 295.

6. The fourth instruction asked by appellant exhibited the theory that it had the right to buy its peace, and tender therefor such sum as it saw fit by deposit with the clerk of the court, and if plaintiff's recovery did not exceed such sum he should not recover further costs; that from time of such deposit, the money became

plaintiff's property and the defendant could not withdraw it, and the jury had no right to infer negligence on part of defendant because of such tender, but the questions of its negligence and of extent of plaintiff's injuries should be tried entirely without reference to such tender and without any inference therefrom. The defective elements of this rejected instruction have been fully indicated, and if peace was to be purchased, appropriate negotiations to that end should have been inaugurated and consummated before hostilities began by suit; if plaintiff's claim was barren of merit, no purchase of peace or protection against an unfounded demand was required.

Judgment affirmed. *Bland, P. J.,* concurs; *Goode, J.,* dissents.