IRVIN SCOFIELD, RESPONDENT, v. AMERICAN MUTUAL INSURANCE COMPANY, APPELLANT.—52 S. W. (2d) 205.

Kansas City Court of Appeals. May 2, 1932.

*Philip J. Fowler* for respondent.

*Randolph & Randolph* for appellant.

CAMPBELL, C.—Plaintiff brought suit in two counts, the first of which is an action on a policy of fire insurance on an automobile, the second upon a cause of action for personal injury based on the alleged negligent operation of an automobile by defendant in which automobile plaintiff was riding as a passenger. Before the return day of the summons defendant filed a demurrer, one ground of which was that the petition improperly joined a cause of action *ex contractu* with one *ex delicto*. The second count of the petition was dismissed.

On May 21, 1931, the demurrer was overruled and thereupon defendant, as shown by the record proper, filed answer. The answer was a general denial and a plea that defendant did not execute the policy of insurance described in the petition; that defendant issued a certain policy of insurance upon an automobile which plaintiff represented as being a 1928 Oakland automobile; that plaintiff was not the owner of said automobile and that the contract on the part of the plaintiff was fraudulent, against public policy, a gaming contract and utterly void; that plaintiff represented said automobile was manufactured in the year 1928; that defendant, relying upon such representation, issued the policy; that said automobile, as plaintiff well knew, was of the "1927 year and model;" that the said representations were false and fraudulent and were made for the

purpose of inducing the defendant to insure said automobile; that defendant did not know that said automobile was of the 1927 year and model and that if it had so known it would not have granted such insurance; that said representations were material to the risk and that old automobiles have a value lessened in proportion to their age and year and that the said automobile was not of an insurable value as a 1927 year automobile; that the fire, if any occurred, was not within the terms of the policy but was such a fire as was not covered by said policy; that plaintiff had not complied with the terms of the policy after the loss or damage, if any.

Plaintiff had a verdict and judgment for $540 damage and $50 attorney's fees for vexatious refusal to pay plaintiff's claim. Defendant has appealed.

Plaintiff's evidence tends to show that on October 10, 1930, as the result of negotiations with one Jack Maize, he purchased the automobile in question; that at that time the title of said automobile as shown by certificate of title was in Frank See; that at the time of the negotiations plaintiff received from said Maize an ordinary bill of sale in which the motor number and serial number of the automobile were stated; that on October 13, 1930, he presented the bill of sale to defendant's "licensed agent," E. Hitt Stewart, and made application for insurance on the automobile; that said agent personally inspected the automobile; that the certificate of title of the automobile had not been assigned to plaintiff at the time he applied for insurance; that defendant thereafter issued the policy sued upon; that the policy was not delivered to plaintiff until after the certificate of title from Frank See had been duly assigned and delivered to him, which assignment was dated November 25, 1930. The automobile, which was of the value of $800, was totally destroyed by fire on December 14, 1930; that defendant's adjuster, two days thereafter, investigated the claim, talked with plaintiff and refused to pay the loss. It was shown by certified copy of the record in the office of the Secretary of State that legal title to the automobile was assigned to plaintiff on November 25, 1930.

During the trial defendant obtained leave to amend its answer so as to allege that the original cost of the automobile had been falsely represented by the plaintiff and to include therein tender of the premium to plaintiff. The amendment was considered made and tender of the premium was made to plaintiff's counsel. The tender was refused.

On defendant's behalf its president testified that the application for insurance was received at the home office of defendant on October 14, 1930; that the policy was issued on the same day and forwarded to its agent E. Hitt Stewart, at Kirksville, Missouri; that defendant would not have issued the policy had it known that the automobile was built in 1927; that the automobile did not have insurable value.

The agent, to whom application for insurance was made, testified that he forwarded the application on the day it was made; that the policy of insurance was promptly returned to him and that within a week thereafter he delivered it to plaintiff. It was shown that the certificate of title, which was assigned to plaintiff on November 25, 1930, was not filed in the office of the Secretary of State until after the automobile was destroyed. During the time defendant's president was testifying defendant asked leave to amend its answer by alleging therein that defendant "is a mutual automobile insurance company." The request was denied.

The assignment of error referred to in the argument in appellant's brief are: (1) That defendant "was arbitrarily prevented an opportunity to file answer and get its witnesses for trial;" (2) that the court erred in overruling its application for continuance, and (3) that plaintiff did not have title to the automobile.

On May 18, 1931, the cause was assigned for trial for May 21, 1931. On May 20, 1931, the court informed defendant's local counsel that the cause would be for trial on the merits on the following day; that upon defendant asking for two days' time in which to file answer, the court said that if the request was granted a continuance of the case would result for the reason that other cases had been assigned for trial on the other days of the term.

Granting of time to file answer out of time lies largely within the discretion of the trial court. [Bradley v. Page, 46 S. W. (2d) 208, 210.] The answer itself refutes the contention that defendant did not have opportunity to prepare answer. We find nothing in the record to indicate that the trial judge abused his discretion.

Defendant urges that its application for continuance should have been granted; that it filed application for continuance on account of the absence of the witnesses, whose testimony was material in its defense. The abstract of the record proper nowhere shows the filing of an application for continuance or ruling thereon. It is not sufficient that the application for continuance and the ruling thereon appear in the bill of exceptions. The question is therefore not here for consideration. [State ex rel. v. Woods, 136 S. W. 337, 338.]

It was in evidence that plaintiff was the owner of legal title to the automobile at the time the policy was delivered to him. Hence, it follows that at the time the policy was delivered and became effective plaintiff had an insurable interest in the automobile.

Defendant argues the court erred "in forcing trial before issues were made by pleadings." The record discloses that the jury was impaneled; that thereafter defendant's counsel made statement to the jury and read its answer theretofore filed in the cause. The point is therefore ruled against defendant.

Moreover, there is no basis for the claim that the defendant "was arbitrarily prevented an opportunity to file answer and get its witnesses for trial," or that the court erred in overruling defendant's application for continuance. The certified copy of the judgment, which was furnished to this court by the defendant, reads: "This day this cause coming on for trial come the parties hereto, both plaintiff and defendant with their respective attorneys and answer *ready for trial.* . . ." (Emphasis ours.)

It is manifest that the record proper, which is controlling, discloses that defendant voluntarily entered upon the trial of the cause.

In the argument no complaint is made of the refusal of the court to permit the second amendment of the answer.

But there is another reason why we should not disturb the judgment. During the trial defendant amended its answer, alleging therein tender of the premium to plaintiff, and thereupon tendered premium to plaintiff's counsel. The tender, though belated, was in the nature of a judicial admission that the amount tendered was due. [Herman v. Hoke, 61 Mo. App. 376; Wells v. Missouri Edison Electric Company, 108 Mo. App. 607, 616, 84 S. W. 204.] The offer was an admission of indebtedness to the extent of the tender, regardless of the outcome of the action. [26 R. C. L. 650.] And an admission that the amount was due at the time of the institution of the action on March 4, 1931. [Giboney v. German Insurance Company, 48 Mo. App. 185, 193.]

The fire occurred on December 14, 1930. On December 16, 1930, defendant's adjuster refused to pay the loss. On December 23, 1930, defendant's president wrote a letter to plaintiff's counsel saying that the defendant had "five or six different reasons" for not paying the loss; that "facts were misrepresented, the year of the automobile was built was misrepresented." Thus, defendant retained the premium, which at the trial it admitted it should tender, for a period of more than five months after it refused to pay the loss and for a period of almost five months after it discovered that it had five or six different reasons for refusing to pay plaintiff's demand.

Clearly the defendant, by retaining the premium, as stated, waived the forfeiture pleaded. [Luthy v. Northwestern National Insurance Co., 20 S. W. (2d) 299; *certiorari* denied, 20 S. W. (2d) 46; Carroll v. Union Marine Insurance Co., 249 S. W. 691.] The judgment is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.