Bernice **STALLMAKER**, Jesse M. Janes and Alta B. Janes, Respondents,

v.

**GREAT AMERICAN INSURANCE COMPANY OF NEW YORK**, a corporation, Appellant.

No. 23700.

Kansas City Court of Appeals.

Missouri.

Feb. 4, 1963.

John C. Risjord, Gordon, Sanders, Adams & Niewald, Kansas City, for appellant.

Lillie Knight, Kansas City, for respondents.

CROSS, Judge.

This is a suit on an insurance policy, against the defendant insurance company, to recover indemnity for windstorm damage to a dwelling house covered by the policy. The cause was tried to a jury. At the conclusion of all the evidence, and at the direction of the trial court, the jury returned a verdict in defendant's favor. Thereafter the trial court entered its order and judgment setting aside the verdict and granting a new trial. The defendant has appealed.

In the petition as originally filed, the plaintiffs were named as Perrin D. McElroy, Administrator of the Estate of Rebecca J. David, deceased, and Jesse M. Janes and Alta B. Janes, husband and wife. The allegations of the petition are to the effect that Mr. and Mrs. Janes purchased the dwelling house by entering into contract with Rebecca J. David for a deed thereto; that defendant issued a policy of insurance in the amount of $2500.00 indemnifying plaintiffs from loss or damage to the dwelling house by windstorm; that while the policy was in force the insured property was damaged by windstorm; that although plaintiffs gave due notice of the loss and complied with all policy terms and conditions, defendant vexatiously and without just cause failed and refused to pay their loss. Plaintiffs pray judgment in the total sum of $2400.00 for the loss and damage suffered, interest thereon, and for further awards claimed due by reason of defendant's vexatious refusal to pay the loss and damage.

On the first day of trial, prior to its commencement, and on application of plaintiffs, the trial court permitted the substitution of Bernice Stallmaker (daughter of Rebecca J. David) as party plaintiff in place of Perrin D. McElroy, who previously had been discharged as administrator of the estate of Rebecca J. David, that estate having been closed.

After the above noted substitution of parties had been made, the defendant tendered into court, under the provisions of Civil Rule 77.24, V.A.M.R. the sum of $487.07. The tender was accompanied by the following statement made by defendant's counsel:

"* * * This represents the sum of $403.20 as a judgment, $41.37 interest, and $16.50, which is the accrued costs to date. The express reason for tendering this money into court is that we are confessing this amount, and in the event that the plaintiff sees fit not to accept the sum, to then assess any costs that accrue from and after this tender against the plaintiff, in the event the final judgment would be less than what we have done".

In response to the trial court's question, "How are you tendering it?", defendant's counsel stated further:

"In the form of a certified check—made payable to all the named plaintiffs, as they appeared just before today, which were Perrin D. McElroy, Administrator of Rebecca J. David, Jesse Janes and Alta Janes.

* * * * * *

"We have tendered it to the clerk and the clerk refused to take it for the reason it was not made payable to the Clerk of the Court. We would like at this time for the Court here to order the Clerk to accept this tender as it is, made payable to the parties who are the plaintiffs in this lawsuit, and who would be entitled to the proceeds of this tender".

Thereupon, the trial court dictated an order, quoted as follows:

"John J. McFadden, Clerk: You are hereby directed to receive and retain for deposit the check made payable to Perrin McElroy, Administrator of the Estate of Rebecca J. David, Jesse M. Janes and Alta B. Janes, in the amount of $488.07, in case No. 628,849, to be held as a tender in said matter so that in the event a judgment should be rendered in an amount less than $488.07, less court costs, then all costs accruing from and after the time of this tender, prior to trial, shall be assessed against the plaintiff".

After other proceedings and discussion which have no relevance to this appeal, the jury was duly empaneled and heard the testimony, which, however, is not included in the transcript. At the conclusion of all the evidence, the trial court sustained defendant's motion for a directed verdict on the ground that plaintiffs had not established that they were persons insured by the policy. As the court directed, the jury returned its verdict in defendant's favor, and judgment was entered thereon.

In due time, plaintiffs filed their motion to set aside the court's order directing the verdict in favor of defendant and for a new trial. The trial court sustained plaintiffs' motion and granted a new trial for the following stated reasons:

"1. Because the court erred in directing said verdict for the defendant on the ground that plaintiffs Jesse M. Janes and Alta B. Janes were not insureds under the contract of insurance for the reason that defendant's tender into court of the amount of its estimate of the damages due, together with interest and costs, was a judicial admission that defendant is indebted to the plaintiffs in the amount tendered, and under the decisions of our courts was an irrebuttable admission of its liability to these plaintiffs under said contract of insurance.

"2. Because the court erred in permitting the defendant to defend said action on the ground that these plaintiffs were not insured under said contract of insurance, after the defendant had admitted its liability to these plaintiffs by the aforesaid tender, and by the admission of its answer to plaintiffs' petition, wherein defendant admitted that it had insured the plaintiffs as alleged in Paragraph 3 of their petition.

"3. Because the court erred in directing said verdict after the defendant had admitted it was indebted to these plaintiffs".

In this appeal, defendant challenges the propriety of the trial court's order granting a new trial by traversing the grounds stated by that court as the basis for such order. Specifically, defendant contends: (1) its answer is not evidence of liability under the policy, and (2) the tender of funds into court was not a judicial admission of liability under the policy or an admission of indebtedness in the amount of the tender. We first consider the latter contention.

■ It is the rule of courts generally that a tender or payment into court is an admission of liability on a debt or obligation, at least to the extent of the amount tendered. 52 Am.Jur., Tender, Sections 37, 38, p. 242. This rule is observed by Missouri courts. In Knight v. Firemen's Insurance Company of Newark, N. J., 227 Mo. App. 426, 49 S.W.2d 682, this court said, "A tender is in the nature of a judicial admission that the amount tendered is actually due. Berman v. Hoke, 61 Mo.App. 376; Wells v. Missouri-Edison Electric Co., 108 Mo.App. 607, 616, 84 S.W. 204. The offer was an irrebuttable admission of indebtedness to the extent of the tender, regardless of the outcome of the action. 26 R.C.L. 650". The foregoing is essentially restated in Williams v. Farm Bureau Mutual Insurance Company of Missouri, Mo.App., 299 S.W.2d 587, in this language: "Of course, a tender by defendant constitutes an irrebuttable admission that, regardless of the outcome of the action, defendant was indebted to plaintiff at the time of institution of suit, *to the extent of the tender*". Also see Duffy v. Barnhart Store Co., Mo.App., 202 S.W.2d 520; Scofield v. American Mutual Insurance Co., 227 Mo.App. 166, 52 S.W.2d 205; Willis v. American National Life Insurance Co., Mo.App., 287 S.W.2d 98; Kansas City Transfer Co. v. Neiswanger et al., 27 Mo.App. 356; Williamson v. Baley, Mo.Sup., 78 Mo. 636.

■ Manifestly, defendant has brought itself within the operation of the foregoing rule by its unqualified tender into court of a sum which "represents * * * a judgment". That act constituted an irrebuttable judicial admission that regardless of the outcome of the trial, defendant was indebted to the plaintiffs "who would be entitled to the proceeds of this tender" *in at least* the amount tendered. Defendant went even beyond the naked act of tender, and confessed entry of a judgment against itself by stating to the court these specific words: "The express reason for tendering this money into court ('the sum of $403.20 as a judgment', interest and costs) is that we are confessing this amount . * * * ".

Clearly, since plaintiffs were entitled to recover a judgment in *some* amount, and to an extent of at least $403.20 (with interest and costs to date of the tender), it was error for the trial court to direct a verdict and enter a judgment in defendant's favor. And, since the trial court has corrected that error by granting a new trial, we deem it to be the duty of this court to affirm that court's action.

■ It is of no comfort to defendant, or of any materiality, that the check in question named Perrin McElroy (administrator) as one of the payees instead of Bernice Stallmaker, the substituted plaintiff. The check was tendered into court and deposited with the clerk upon order of the court at a time *after* Stallmaker had been substituted as a plaintiff in place of McElroy. Defendant tendered and deposited the check under the provisions of Civil Rule 77.24, admittedly for its own beneficial purpose—to relieve itself of additional costs in the event plaintiffs did not recover a larger sum than the amount tendered. It will be assumed, therefore, that defendant made the tender in accordance with the basic requirement of the rule it had invoked, to-wit: that "the defendant shall * * * deposit with the clerk, *for the use of the plaintiff*, the amount of the debt or damages he admits to be due * * *". (Emphasis supplied). Conse-

quently, defendant is estopped to deny (as it attempts to do) that it made the tender and deposit *for the use of the parties* who were at that time (and still are) plaintiffs in this case.

It is not necessary for us to determine whether defendant admitted liability to plaintiffs by the effect of its answer. Defendant's judicial admission of liability and its tender of funds into court as a confession of judgment are sufficient reasons to support the trial court's entry of an order granting a new trial.

Accordingly, the order and judgment of the trial court is affirmed, and the cause is remanded for a new trial in accordance therewith.

All concur.